## RAILROAD COMPANY *v.* UNITED STATES.

A., a railroad company, in the execution of its contract with the government, carried the mails from P. to F., the route being partly over its own road and partly over a portion of the road of company B., which also had a contract for carrying the mails over its entire line. After the passage of the act of March 8, 1873, c. 231, the Post-Office Department made frequent adjustments of the amount due to the respective companies, which was from time to time received without protest or objection. B. having received the amount due for conveying all the mails over its road, although over a part of it a portion of them had been carried by A. under its contract, the latter brought suit against the United States to recover compensation for the portion so carried. *Held*, that A.'s acquiescence in the adjustments precluded the maintenance of the suit.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. John F. Farnsworth* for the appellant.

*The Solicitor- General, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

The Philadelphia and Baltimore Central Railroad Company brought suit in the Court of Claims for the amount which it asserted to be due for carrying the mails between the city of Philadelphia and Chester, from July 1, 1873, until March 31, 1877, and recovered a judgment for what was claimed as to all the time mentioned except the period between July 1, 1873, and December, 1875.

The service was rendered under a contract to carry by rail

the mails from Philadelphia to Port Deposit, in the State of Maryland. Part of the road over which they were carried lies between Philadelphia and Chester, and it belonged to the Philadelphia, Wilmington, and Baltimore Railroad Company. This latter company also carried mails over its own road between these points and continuously to Baltimore.

After the passage of the act of March 3, 1873, c. 231, the Postmaster-General required all the mails carried over these routes to be weighed, and made repeated adjustments of the sums due to each company, and the amounts so found were paid, and received without objection or protest from July 1, 1873, to Dec. 4, 1875. At that date the claimant notified the Postmaster-General that he had not been paying it enough, — in fact, had only been paying it for the distance between Chester and Port Deposit. It turned out that the Philadelphia, Wilmington, and Baltimore Railroad Company had been receiving the compensation for all the mails carried over its road between Philadelphia and Chester, though the claimant had the contract for so much of them as went from Philadelphia to Port Deposit and intermediate points. The Postmaster-General insisted that he was right, and refused to pay the claimant, though the mails were still carried under the then existing contracts until March 31, 1877.

The Court of Claims found in favor of the claimant, and rendered judgment for the sum due after the notification and demand of Dec. 4, 1875, but held that the company was estopped by its acquiescence in the adjustments and the payments it had received without objection or protest, from July 1, 1873, to that period. The claimant appealed.

In this we think the Court of Claims was right. It must be held to have known on what basis of weight and distance these adjustments were made. They were made frequently, and the sums which, by those adjustments, were due to each company were paid monthly or quarterly.

If the claimant, during all this time, stood by contentedly and saw the money which it now claims paid to the other company, and received and receipted for the money paid it on that foundation, it would be inequitable to permit it now to recover, and thus make the government pay twice. For the time the

mails were carried after this notice or assertion of the present claim it has recovered judgment, and the government has not appealed. For what it lost by its neglect in making claim on these settlements when receiving payment, it must submit to loss.

*Judgment affirmed.*