## PRAY *v.* UNITED STATES.

A. was appointed occasional weigher and measurer, at a fixed compensation per annum *when employed*. He rendered accounts for his services each month, Sundays being deducted; was paid on that basis, and gave his receipts therefor. He subsequently brought suit to recover pay for the Sundays excepted from those accounts. *Held,* that he is not entitled to recover.

APPEAL from the Court of Claims.

The facts are stated in the opinion of the court.

*Mr. Thomas H. Talbot* for the appellant.

*Mr. Assistant Attorney-General Maury* for the United States.

MR. JUSTICE MILLER delivered the opinion of the court.

According to the finding of facts in this case, the claimant received, on the first day of March, 1867, a written instrument appointing him *occasional* weigher and measurer, with a compensation fixed at $2,000 per annum *when employed*. He held the place and performed the duties of occasional weigher and measurer at Portland, Maine, under that appointment until Nov. 30, 1877.

A further finding is this : —

For each month during the period of said service the claimant was paid his compensation upon bills made out in the following form : —

"THE UNITED STATES *Dr. to* F. E. PRAY, *Occasional Weigher of the Customs for the Port of Portland.*

" For my services as occasional weigher of the customs from to      , inclusive, Sundays excepted, one month, at two thousand dollars per annum."

Each bill so made out was for the sum due for the month named in it, after deducting the Sundays, and to each was subjoined a receipt, signed by the claimant, in the following form: —

" Received payment for the above services, $      , of collector of customs for the Port of Portland."

The present suit is brought to recover compensation for the Sundays excepted out of these monthly payments during the entire period of service.

This demand is founded on the law - which gives to the weighers and measurers, holding office as such by the usual appointment, a salary of $2,000 per annum, in which, of course, Sundays are disregarded.

Counsel for the government contends that his letter of appointment, naming him as " occasional weigher and measurer," to be paid at the rate of $2,000 per annum " when employed," justified payment at that rate only for the days when he was in actual service.

Whatever might have been said in opposition to this view, if claimant had asserted it during the early time of his service, it is clear that, by the form of the bill for services for each month, he expressed his own understanding of the contract to be the same as that with the collector who employed and paid him. He makes out in his own name, " for (his) my services as occasional weigher," " for one month, Sundays excepted," his bill, with the sum fixed on that basis, and accepts and signs a receipt for it, and this he does every month for ten years.

He cannot be permitted now to say, after he is out of that employment, that his contract was for $2,000 a year as an absolute salary.

If this was the case of a person employed by a bank, a railroad company, or in any large business requiring many persons for its service, the case would admit of no argument.

We think it equally plain in the present case. *United States v. Adams*, 7 Wall. 463; *United States v. Child*, 12 id. 232; *United States v. Justice*, 14 id. 535; *Mason v. United States*, 17 id. 67.

*Judgment affirmed.*