## NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 96. Argued January 19, 1922.—Decided February 27, 1922.

A railroad after accepting and transporting without protest, as mail matter, a shipment of gold in mail sacks consigned by the Treasury Department, and after receiving the amount fixed by readjustment for carrying mail matter under its contract therefor, has no claim for additional pay for carrying the gold and attendant railway mail guards, whether the shipment was properly mail matter and the requirements of the statute concerning postal service were technically complied with, or not. P. 33.

55 Ct. Clms. 536, affirmed.

APPEAL from a judgment of the Court of Claims dismissing appellant's petition.

*Mr. S. S. Ashbaugh,* with whom *Mr. E. G. Buckland* and *Mr. A. P. Russell* were on the brief, for appellant.

*Mr. Blackburn Esterline,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a claim for $5,020.65 as the claimant's proportion of joint through express rates for carrying $5,000,000 in gold from Philadelphia to Boston, and the passenger fares for seven men who accompanied the gold as guards from New York to Springfield, Massachusetts, that being the distance that the claimant carried the gold. The Court of Claims ordered the petition to be dismissed.

On October 23, 1914, the gold was delivered by the Treasury Department to the Postoffice Department in one thousand sealed bags, each weighing 18¾ pounds, which were placed in one hundred and sixty-seven locked mail pouches labelled "Boston, Mass." The Treasury prepaid the postage required for fourth class mail matter, at parcel post rates, amounting to $420. On reaching New York the gold was placed in a vault subject to the call of the chief clerk of Railway Mail Service. The next day the chief clerk and other railway officials took the pouches to the Grand Central Station where they were placed in a postal car attached to a regular passenger train of the claimant. The car with its contents was carried to Springfield and there delivered to the Boston and Albany road. It carried with the gold seven officials of the Railway Mail Service, all having the requisite travel commissions from the Postmaster General. No protest was made by any carrier and the claimant was paid and received without protest the amount fixed by readjustment orders for carrying the mail over its route.

The claimant admitting that it could not demand additional pay for hauling the mails, *New York, New Haven & Hartford R. R. Co. v. United States*, 251 U. S. 123, argues that the transaction was not "mail service" such as it had contracted to perform or within the classification of mail matter. It urges that in view of the weight limit,

eleven pounds, in force July 1, 1913, when its four-year term begun; the weight of these bags, 18¾ pounds; of the contents, gold; and of the fact that the bags were sealed and placed in locked pouches, the Postmaster General could not make the service mail service if he tried. We think it unnecessary to discuss the argument, if there is anything in it. The service here, rightly or wrongly, was demanded as mail service, was rendered as mail service and was paid for without protest as mail service. Whether the Treasury technically complied with all the requirements of the statute concerning postal service did not matter to the claimant. By giving its claim a different name from that passed upon in *New York, New Haven & Hartford R. R. Co.* v. *United States,* 251 U. S. 123, 127, the claimant does not better its case.

*Judgment affirmed.*

MR. JUSTICE PITNEY was absent and took no part in the decision.