## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 147. Argued March 3, 6, 1922.—Decided April 10, 1922.

The obligation of a land-grant-aided railroad to transport at reduced rates " troops " of the United States applies to the transportation of members of the Coast Guard when serving as part of the Navy but not when serving under the Treasury. P. 375.

55 Ct. Clms. 45, modified and affirmed.

APPEAL from a judgment rejecting a claim against the Government for railway transportation.

*Mr. Benjamin Carter* for appellant.

*Mr. Solicitor General Beck* and *Mr. William C. Herron,* for the United States, submitted.

Mr. Justice Brandeis delivered the opinion of the court.

Most of the congressional land-grant acts provide that railroads so aided shall be " free from toll or other charge upon the transportation of any property or troops of the United States." Two of the lines of railroad forming part of the Louisville and Nashville system were built with the aid of such grants. For all transportation to which that provision applies, the rates payable by the Government are now fixed at fifty per cent. of those charged private persons. See *United States* v. *Union Pacific R. R. Co.,* 249 U. S. 354.. The company brought this suit in the Court of Claims to recover the balance of the full rate, alleging that the auditors and the Comptroller of the Treasury had erred in applying the land-grant rates to transportation of certain officers and men who were not " troops " of the United States, although in its service. That court dismissed the petition, 55 Ct. Clms. 45; and the case is here on appeal.

The persons transported were of ten different classes. Whether nine of these classes fall within the designation of " troops " we need not consider; as bills for their transportation had been rendered by the carrier and payment therefor had been accepted under conditions which, on the findings made by the lower court, preclude further claim. *Oregon-Washington R. R. & Navigation Co.* v. *United States,* 255 U. S. 339; *Western Pacific R. R. Co.* v. *United States,* 255 U. S. 349. There remains for our consideration the item of $252.70 alleged to be due for transportation of coast guards.

The Coast Guard was established by Act of January 28, 1915, c. 20, 38 Stat. 800, in lieu of the then existing Revenue-Cutter Service and Life-Saving Service, and was composed of those organizations. The Revenue-Cutter Service had been considered a civil service; 15 Ops. Atty.

Gen. 396; 16 Ops. Atty. Gen. 288; 8 Comp. Dec. 852; 15 Comp. Dec. 807. But to its primary function of an armed police force some characteristics of a military force had always been attached; and from time to time Congress had conferred upon it additional incidents of the military service.[1] See 28 Ops. Atty. Gen. 543, 547; 30 Ops. Atty. Gen. 75. When the Coast Guard was established it was constituted " a part of the military forces of the United States "; and § 1 provides that it " shall operate under the Treasury Department in time of peace and operate as a part of the Navy, . . . in time of war or when the President shall so direct. When subject to the Secretary of the Navy in time of war the expense of the Coast Guard shall be paid by the Navy Department." Congress further manifested its intention to class the Coast Guard with the Army, Navy and Marine Corps by the provisions of the Acts of August 29, 1916, c. 417, 39 Stat. 556, 600, 601, and c. 418, § 1, 39 Stat. 619, 649.

The military force of the United States is, and always has been a unit, although divided for purposes of administration into several branches; and there is nothing in the land-grant acts to indicate an intention on the part of Congress to differentiate between the several branches in respect to transportation charges. We are of opinion that the term " troops " is not confined to land forces, and that it includes men and officers in every branch. Since those in the Navy and Marine Corps are to be deemed troops within the meaning of those acts, members of the Coast Guard should also be deemed such when serving as part of the Navy. But at other times members of the Coast Guard are not troops; for then it operates under, and at the expense of, the Treasury Department.

[1] Acts of March 2, 1799, c. 22, § 98, 1 Stat. 627, 699; April 12, 1902, c. 501, § 4, 32 Stat. 100; May 26, 1906, c. 2556, 34 Stat. 200; April 16, 1908, c. 145, 35 Stat. 61; March 4, 1911, c. 285, § 1, 36 Stat. 1363, 1389.

The original petition was filed June 1, 1916, but an amended and supplemental petition was filed on February 12, 1919. The findings of fact indicate that the items proved may include some transportation furnished as late as December 31, 1917. They do not disclose whether the transportation of coast guards was furnished before or after the declaration of war on April 6, 1917. Appellant has moved that the case be remanded to the Court of Claims with directions, among other things, to find the facts in this respect. For that purpose and to that extent the motion to remand is granted, with direction to enter judgment for appellant for such part of the item of $252.70, if any, as represents transportation of coast guards furnished before the declaration of war. Except as it may be so modified, the decision of the Court of Claims is correct.

*Motion to remand granted with directions to make a new finding of fact and modify the judgment, if need be, to accord with this opinion.*

MR. JUSTICE CLARKE took no part in the decision of this case.