Mr. JUSTICE BUTLER concurs in this dissent.

---

## ST. LOUIS, BROWNSVILLE & MEXICO RAILWAY COMPANY v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 310. Argued March 20, 1925.—Decided April 27, 1925.

1. Claims presented to the Court of Claims but not pressed, in the same proceeding in which others were allowed and paid, *held* barred by Jud. Code, § 178, providing: " The payment of the amount due by any judgment of the Court of Claims . . . shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy." P. 171.

2. In settling a railroad's freight bill for transporting army impedimenta at tariff rates, the auditor for the War Department erroneously made a deduction, by way of counterclaim, upon the ground that part of the transportation was covered, under the railroad's passenger tariff, by the baggage allowance of soldiers who

had moved over the line at the same time as the impedimenta—*Held* that acceptance of the amount allowed, without protest or appeal to the Comptroller of the Treasury, was not acquiescence on the part of the railroad and did not bar it from suing for the balance in the Court of Claims. P. 172.

3. No action of the accounting officials can bar the right of a claimant to have the Court of Claims determine whether he is entitled to recover under a contract with the Government. P. 174.

4. To constitute acquiescence in payment by the Government of a smaller sum than is due, something more must be shown than acceptance of the smaller sum without protest; there must have been some conduct of the creditor akin to abandonment or waiver, or from which an estoppel might arise. P. 175.

5. The provision of the Dockery Act, July 31, 1894, c. 174, §§ 7, 8, 28 Stat. 162, 206, 207, making acceptance of payment under the auditor's settlement, without appeal to the Comptroller, conclusive, does not prevent proceedings in the Court of Claims. Pp. 173, 177.

59 Ct. Cls. 82, affirmed in part, reversed in part.

APPEAL from a judgment of the Court of Claims disallowing three claims for transportation furnished the War Department.

*Mr. Lawrence H. Cake*, with whom *Mr. Alex. Britton* was on the brief, for appellant.

*Mr. Blackburn Esterline*, Assistant to the Solicitor General, with whom the *Solicitor General* was on the brief, for the United States.

The acceptance of the payment of the unliquidated account without protest or other manifestation of intention to make further claim forecloses the right of the appellant to maintain the suit. " Dockery Act," July 31, 1894, 28 Stat. 206; *Fleckner* v. *United States*; 8 Wheat. 338; *Oregon-Washington R. R.* v. *United States*, 255 U. S. 339; *Louisville & Nashville* v. *United States*, 267 U. S. 395; *Stewart* v. *Barnes*, 153 U. S. 456; *De Arnaud* v. *United States*, 151 U. S. 483; *Chicago, M. & St. P. Ry.* v. *Clark*, 178 U. S. 353; *Baird* v. *United States*, 96 U. S. 430; *Merrit* v. *Cameron*, 137 U. S. 542; *Hennessy* v.

*Bacon,* 137 U. S. 78. See also *French v. Shoemaker,* 14 Wall. 314, 333, 334; *De Wolf* v. *Hays,* 125 U. S. 614; *Coburn* v. *Cedar Valley Land Co.,* 138 U. S. 196; *United States* v. *Cousinery,* 25 Fed. Cas. 677; *Savage* v. *United States,* 92 U. S. 382; *Savage Arms Corp.* v. *United States,* 266 U. S. 217; *United States* v. *Cramp,* 206 U. S. 118. *St. Louis, Kennett & S. E. R. R.* v. *United States,* 267 U. S. 346; *Cairo, Truman & Sou. R. R.* v. *United States,* 267 U. S. 350.

The inclusion of the items in the former petition on which judgment was stipulated and paid without reservation forecloses the right of the appellant to maintain the suit. *Vaughn* v. *United States,* 34 Ct. Cls. 342; *United States* v. *Frerichs,* 124 U. S. 315.

Mr. Justice Brandeis delivered the opinion of the Court.

This is an appeal by the St. Louis, Brownsville & Mexico Railway from a judgment of the Court of Claims which disallowed three claims for transportation furnished to the War Department. 59. Ct. Cl. 82. That the claims were originally valid is conceded. The defense as to each is that recovery has been barred by discharge. As to two of the claims, by § 178 of the Judicial Code. As to the third, by the rule declared in *Oregon-Washington R. R. & Navigation Co.* v. *United States,* 255 U. S. 339. Whether on the facts found the statute and the rule apply, are the questions for decision.

*First.* The two claims (numbered 3055 and 4732) were for services rendered in 1917. They had been included with many others in a petition filed in the Court of Claims by the Railway in 1920. On that petition a judgment had been entered for $22,624.78 and duly paid before this suit was begun. The Judicial Code provides in § 178: " The payment of the amount due by any judgment of the Court of Claims . . shall be a full dis-

charge to the United States of all claim and demand touching any of the matters involved in the controversy." The Railway contends that these two claims were not " matters involved in the controversy" on which the earlier judgment was entered. To establish that contention it must rely wholly upon the following finding made in this case: " One of the findings of fact in said [the earlier] case stated that ' the numbers and amounts referred to in the foregoing paragraphs constitute the component parts and sum total of the said $22,624.78 and are the only items in question in the case at bar.' Bills No. 3055 and No. 4732 are not mentioned in the findings in that case. The report of the Treasury Department filed in said case and upon which said stipulation of facts was based stated as to bills No. 3055 and No. 4732 that because no deduction had been made from these bills ' on account of the cause of complaint set forth in the petition nothing is due in recovery.' "

The finding thus relied upon by the Railway does not show that these two claims were not among " the matters involved in the controversy" in the earlier case. On the contrary, it shows that they were there in controversy. And it suggests that the Railway, after the introduction of the report of the Treasury Department, acquiesced in the latter's conclusion that as to these two claims " nothing is due." Compare *United States* v. *Frerichs*, 124 U. S. 315, 320; *Michot* v. *United States*, 31 Ct. Cls. 299; *Vaughn* v. *United States*, 34 Ct. Cls. 342. The case is unlike *Spicer* v. *United States*, 5 Ct. Cls. 34; *Book* v. *United States*, 31 Ct. Cls. 272; and *Adams* v. *United States*, 33 Ct. Cls. 411. As to these two claims the judgment of the lower court is affirmed.

*Second.* The remaining claim is for the disallowed part of a claim for $2,549.08 which was " settled by the Auditor for the War Department May 10, 1920 " by making certain deductions, thus allowing a smaller sum. It has

never been involved in any litigation. The whole claim presented to the Auditor was on a single government bill of lading for transporting, in 1916, so-called Army impedimenta; that is, guns, ammunition, caissons, tents and miscellaneous military equipment belonging to the United States. That the whole of the service covered by the bill was actually rendered was never questioned. Nor was there any dispute either as to quantity or weight, or as to the tariff rate under which such articles ordinarily move. Thus, the claim presented to the Auditor was definite in amount. The deduction made by him was somewhat in the nature of a counterclaim. The Comptroller of the Treasury ruled in 1918 that, for the transportation of military impedimenta, the Government was entitled to the benefit of a provision in a passenger tariff by which, when persons travel in a party, there is allowed for every twenty-five passenger fares one baggage car free for personal effects. The Auditor apparently found that, at the same time these impedimenta moved, at least twenty-five soldiers had moved over the line. He therefore deducted a corresponding amount from this independent bill for freight. In suits brought by other companies the Court of Claims held that the Comptroller's ruling was wrong. See *Missouri Pacific R. R. Co.* v. *United States*, 56 Ct. Cls. 341. Thereupon, this suit was brought in August, 1922, to recover the amount wrongly deducted. The lower court held that the Railway was barred from recovery because it had accepted, without protest or appeal, the reduced amount which the Auditor allowed.

There is no statute or departmental rule which, as in *Nichols* v. *United States*, 7 Wall. 122, makes such protest or appeal a condition precedent to the existence of the cause of action or to plaintiff's right to resort to the Court of Claims. In respect to furnishing transportation, a railroad ordinarily bears to the Government the same relation that it does to a private person using its facilities. It may

exact payment either in advance or upon the completion of the service rendered. It may, as a matter of accomodation or convenience, give a reasonable credit. Payment for transportation, as for other service or supplies, may ordinarily be secured by presenting the claim to the appropriate disbursing officer of the department served. Because of limitations imposed upon the powers of disbursing officers, it is often desirable to present the claim for direct settlement to the Auditor for the department, who is an accounting officer of the Treasury. The Auditor may allow the claim in whole or in part. If his action is not satisfactory, either to the claimant or to the head of the department affected, an appeal may be taken to the Comptroller of the Treasury for its revision. In the absence of an appeal, the settlement of the auditor is "final and conclusive upon the Executive Branch of the Government." In case of such appeal the decision of the Comptroller is conclusive. Any person accepting payment under a settlement by the Auditor is precluded from obtaining such revision of the settlement as to any item upon which payment is accepted. Dockery Act, July 31, 1894, c. 174, §§ 7, 8, 28 Stat. 162, 206, 207.

No action of these officials can bar the right of a claimant to have the Court of Claims determine whether he is entitled to recover under a contract with the Government. *Oregon-Washington R. R. & Navigation Co.* v. *United States,* 54 Ct. Cls. 131, 138, 139. Compare *United States* v. *Harmon,* 147 U. S. 268; *United States* v. *Babcock,* 250 U. S. 328. The right to invoke the legal remedy may be lost by the claimant's failure to invoke it within the statutory period of limitations. But the substantive right to recover an amount confessedly due can be lost only through some act or omission on the part of the claimant which, under the rules of the common law as applied by this Court to claims against the Government, discharges the cause of action. Acquiescence by the claim-

ant in the payment by the Government of a smaller amount than is due will ordinarily effect the discharge. Acquiescence can be established by showing conduct before the payment which might have led the Government to believe that the amount allowed was all that was claimed, or that such amount, if paid, would be received in full satisfaction of the claim. Acquiescence can, also, be established by showing conduct after the payment which might have led the Government to believe that the amount actually received was accepted in full satisfaction of the original claim. But to constitute acquiescence within the meaning of this rule, something more than acceptance of the smaller sum without protest must be shown. There must have been some conduct on the part of the creditor akin to abandonment or waiver or from which an estoppel might arise. Every case in which this Court has sustained the affirmative defense of acquiescence rests upon findings which include at least one of these additional features.[1] In the case at bar they are wholly lacking.

The affirmative defense of acquiescence by acceptance of a smaller sum than was actually due—the bar relied upon in this suit—must not be confused with other affirmative defenses which are often interposed to suits in which the plaintiff claims that the Government has

[1] *United States* v. *Shrewsbury,* 23 Wall. 508; *Railroad Company* v. *United States,* 103 U. S. 703; *Pray* v. *United States,* 106 U. S. 594; *Central Pacific R. R. Co.* v. *United States,* 164 U. S. 93, 99, 100; *United States* v. *Garlinger,* 169 U. S. 316; *Oregon-Washington R. R. & Navigation Co.* v. *United States,* 255 U. S. 339, 344, 345, 347–8; *Western Pacific R. R. Co.* v. *United States,* 255 U. S. 349, 353–5; *New York, New Haven & Hartford R. R. Co.* v. *United States* 258 U. S. 32, 34; *Louisville & Nashville R. R. Co.* v. *United States* 258 U. S. 374, 375; *Louisville & Nashville R. R. Co.* v. *United States,* 267 U. S. 395. Compare *St. Louis Hay & Grain Co.* v. *United States,* 191 U. S. 159, 164.

paid him only a part of what was due. Among these are accord and satisfaction or compromise of a disputed claim;[2] voluntary submission of a disputed claim to an investigating board and acceptance of the amount allowed by it;[3] adjustment of damages inherently unliquidated;[4] surrender of the instrument sued on;[5] prior acceptance of the principal of a debt as a bar to a suit for accrued interest;[6] prior judgment on part of an indivisible demand.[7] Cases in which acquiescence by acceptance of a smaller sum is relied upon as an affirmative defense must also be differentiated from those in which acquiescence is proved to show that the claim sued on never arose. Prominent among the cases of this character are those in which a railroad, free to decline, carried the mail after notice from the Postmaster General that payment for future services would be made at a reduced rate.[8] In

[2] *United States v. Justice,* 14 Wall. 535. Compare *Mason v. United States,* 17 Wall. 67; *Piatt's Administrator v. United States,* 22 Wall. 496. In the following cases there was a receipt in full or a release. *United States v. Child & Co.,* 12 Wall. 232; *United States v. Clyde,* 13 Wall. 35; *Sweeny v. United States,* 17 Wall. 75; *Chouteau v. United States,* 95 U. S. 61; *Francis v. United States,* 96 U. S. 354; *De Arnaud v. United States,* 151 U. S. 483; *St. Louis, Kennett & Southeastern R. R. Co. v. United States,* 267 U. S. 346. In *Cairo, Truman & Southern R. R. Co. v. United States,* 267 U. S. 350, the release was under seal.

[3] *United States v. Adams,* 7 Wall. 463, 479; *United States v. Mowry,* 154 U. S. 564; *United States v. Morgan,* 154 U. S. 565.

[4] *Baird v. United States,* 96 U. S. 430; *Murphy v. United States,* 104 U. S. 464.

[5] *Savage v. United States,* 92 U. S. 382, 388.

[6] *Stewart v. Barnes,* 153 U. S. 456; *Pacific Railroad v. United States,* 158 U. S. 118.

[7] *Baird v. United States,* 96 U. S. 430, 432.

[8] *Eastern R. R. Co. v. United States,* 129 U. S. 391; *Chicago, Milwaukee & St. Paul Ry. v. United States,* 198 U. S. 385; *Atchison, Topeka & Santa Fe Ry. Co. v. United States,* 225 U. S. 640, 650; *Delaware, Lackawanna & Western R. R. Co. v. United States,* 249 U. S. 385; *New York, New Haven & Hartford R R. Co. v. United*

such cases the plaintiff fails, even where it appears that the reduced payment was accepted under protest, because the contract implied in fact on which it seeks to recover cannot be established. Cases involving the affirmative defense of acquiescence by acceptance of a smaller sum than was actually due must likewise be differentiated from those in which one wrongly removed from a statutory office is denied relief unless suit is instituted promptly. The latter rest upon a policy not here applicable.[9] The cases urged upon our attention by counsel for the Government present, in the main, instances of defenses other than acquiescence.

The claim here in question was for an amount fixed by the tariff. A bill for the full sum due was presented to the appropriate officer. The deduction made by the Auditor was without warrant in law. There was no act or omission of the claimant which could conceivably have induced the making of the deduction. Nor did the claimant in any way indicate satisfaction with the reduced amount received by it. The Government did not establish the affirmative defense of acquiescence by showing merely acceptance without protest. To hold that such acceptance barred the right to recover the balance wrongly withheld was to give it an effect in judicial proceedings similar to that which it had within the executive department under the Dockery Act. See *Texas & Pacific Ry. Co. v. United States,* 57 Ct. Cls. 284. For such a rule there is no support either in the legislation of Congress or in the decisions of this Court. Compare *Clyde*

*States,* 251 U. S. 123, 127; *St. Louis S. W. Ry Co.. v. United States* 262 U. S. 70. Compare *United States v. Bostwick,* 94 U S. 53, 67; *United States v. Martin,* 94 U. S. 400; *Willard, Sutherland & Co. v. United States,* 262 U. S. 489, 498.

[9] *Nicholas v. United States,* 257 U. S. 71, 76; *Norris v. United States,* 257 U. S. 77; *Stager v. United States,* 262 U. S. 728. Compare *Arant v. Lane,* 249 U. S. 367; *Wallace v. United States,* 257 U. S. 541, 547.

v. *United States*, 13 Wall 38. The Railway was entitled to judgment for the amount wrongly deducted by the Auditor.

*Affirmed in part.*
*Reversed in part.*