Campbell, Chief Justice,
delivered the opinion of the court:
The claims of plaintiff grew out of the transportation of members of the National Guard, and are for the amounts of certain land-grant deductions made from the carrier’s bills by disbursing or accounting officers. It has been decided that the transportation of members of the National Guard, in cases like the present one, is not governed by the land-grant acts relative to troops of the United States. See Oregon-Washington Railroad & Navigation Co. case, 60 C. Cls. 458. That question being eliminated, the items asserted may be divided into three classes:
(1) The plaintiff, having performed the service, presented its bills therefor at full tariff rates without land-grant deduction, and was paid by the disbursing officer. Thereafter amounts were deducted from other bills of the plaintiff by the disbursing officer upon the theory that land-grant deductions should have been made from the former bills. *76 This deduction was improper under the ruling in the case just cited. (2) The plaintiff presented certain bills for services at net fares; that is, it made land-grant deductions, but it stated on the bills that these deductions were made under protest. This class is controlled by the decisions of the Supreme Court of the United States in the cases of Western Pacific R. R. Co., 268 U. S. 271; St. Louis, Brownsville & Mexico Ry., 268 U. S. 169; and Southern Pacific Co., 268 U. S. 268, and plaintiff should therefore recover the amount of the deduction. (3) In the third class it appears that the plaintiff presented its bills at net fares, as in the second class mentioned above. It was paid the amount shown in the bills. Payment was accepted without protest or objection.
The contention is now made that in July, 1922, more than a year previous to the service, rendered in August, 1923, for which compensation is sought, the plaintiff and other carriers, parties to what is known as Joint Military Arrangement No. 1 and Joint Military Equalization Agreement No. 1, filed with the Quartermaster General of the Army a notice which, in effect, asserted the right of these carriers to full tariff fares for transporting members of the National Guard and protested against the application of land-grant fares. This contention would carry the effect of a supposed protest beyond anything that has heretofore been held, though it was supposed that the cases above cited settled the questions arising out of protests. In these cases the protest or objection was part of the transaction between the carrier on the one hand and the Government’s disbursing officer or accounting officer on the other hand. The question was whether payments as made and accepted under the facts were conclusive. No protest or objection accompanied the bill under consideration and it was presented at the net fares. This method of rendering the bill was entirely) voluntary. The plaintiff could have protected any right it had to greater fares by a timely objection and protest, and to be timely such objection and protest should have been made known when the bill was presented or payment was accepted.
*77 If it be true that the carriers gave notice to the Quartermaster General of their claims, this did not prevent them or any of them from accepting less than full fares or prevent their waiving the effect of the notice if they chose to do so. In the Southern Pacific Co. case, supra, it is said (p. 268) :
“ It is clear that as to all the bills which were presented at land-grant rates prior to January 1, 1914, and paid and accepted without protest or other objection, the conduct of' the claimant was such as to lead the Government to believe that the land-grant rates were accepted in full satisfaction of the original claims and established an acquiescence on. the part of the claimant that operated as a discharge of the claims for the full passenger rates.”
The plaintiff can not recover upon this third class. Judgment will be rendered for the claims of the first and second' classes, but the petition should be dismissed as to the others.. And it is so ordered.
GRAHAM, Judge; Hay, Judge; Dowkey, Judge; and Booth, Judge, concur.