Campbell, Chief Justice,
delivered the opinion of the court:
Most of the questions arising in this case upon the stipulated facts have been passed upon by the court in other cases. There is, however, a question involving a claim small in amount but recurring in other cases, several of which are now under submission. That question arises upon the effect to be accorded certain notices given by the carriers to the Quartermaster General of the Army relative to the claims now asserted. These notices relate only to fares for specified movements of members of the National Guard. It appears from the findings of fact that a difference existed between the carriers and the accounting officers as to whether the charges for transportation of the National Guard were subject to land-grant deductions, and that the carriers delivered notices to the Quartermaster General, one in June, 1921, and another in June, 1922, which set forth their position and claim and conclude with the statement that the notice was filed in order to protect the rights of the carriers until the question should be finally adjudicated by the courts. In some, instances, after the first of these notices, some bills were presented for transporting members of the National Guard, which were stated at net land-grant fares and they were paid as rendered. No sort of protest appeared on the bills themselves, nor does it appear that any protest was made on receipt of the amount of the bills. Unless the notices referred to took the place, so to speak, of protests or objections on the bills or on receipt of payment there can not be a recovery under numerous decisions of the courts. In St. Louis Southwestern Ry. Co. case, 62 C. Cls. 73, 76, this court held that-a certain notice in advance of the claims of the carriers did not remove the necessity of protest or prevent the carrier from accepting less than full fares, but it is to be noted that the notice in that case is not set forth in the findings, and it bears a different date from the notices appearing in this case.
*562 In the present case the purpose of the notices, as well as their substance, is found. It is recognized in Southern Pacific Co. case, 268 U. S. 263, that “ by a general notice in advance to the War Department ” the carrier may protect or reserve rights which otherwise would be waived or 1'ost. It is certainly true that the carrier “ was not compelled at its peril to present its claims originally for the full tariff rates * * * but that, having first presented its claim for the land-grant rates accompanied by notices showing that it did not accept such rates in final settlement, it was thereafter entitled to bring suit for the recovery of the remainder of the full-tariff fares.” Southern Pacific Go. case, 268 U. S. 263, 270. In this'case the Supreme Court says that the crucial question is whether the conduct of the plaintiff in accepting land-grant rates establishes an acquiescence “ in the nature of an abandonment or waiver ” that operated as a discharge of its claim for full passenger rates. There is no acquiescence, no abandonment or waiver, when the objection accompanies the bill as finally presented for payment or when there is a valid protest when payment is received. The carriers gave notice in advance of the presentation of the bills for a particular service about which there was a positive difference between the parties. This notice was given to the Quartermaster General, who represented the Government as contracting officer in the matter of transportation. What effect, if any, is to be given the notices ? This court had held (Alabama Great Southern R. R. Co., 49 C. Cls. 522) that members of the National Guard were not troops of the United States until called into service as provided for in the Constitution. But some changes had been made in the statutes, and the accounting officers had again ruled that the transportation of the National Guard was subject to land-grant deductions. The railroads and the Quartermaster General had entered into what is known as equalization agreements, whereby the carriers undertook that they would accept for transportation of persons for whom the Government would be entitled to reduced fares over land-grant roads the lowest net fare lawfully available as derived through deductions on account of land-grant *563 distance via a usually-traveled route for military traffic from a lawful fare duly filed with the Interstate Commerce Commission.
In other words, the carrier would equalize its charge for transportation with that of land-grant roads on a usually-traveled route between the points of origin and destination. Whether the transportation of the National Guard was affected by the land-grant acts became therefore not only of .interest to land-grant roads but of serious importance to other roads, parties to the equalization agreements. The transportation of the National Guard upon requests of the Government might originate upon a road in nowise affected by land-grant acts, and the bill would include services of connecting lines to which the initial carrier would have to account, because for passenger transportation the bills would be presented by the initial carrier and not by the final carrier, as in the case of freights. It was of prime importance that the initial carrier should correctly state the bill when it would be liable to its connecting carriers for the amount it should have collected. In these circumstances it was the part of prudence that the Quartermaster General of the Army should be notified in advance that the equalizing carriers would assert the right to be paid without land-grant deduction for transporting these persons until the courts should decide against them. The difference between' the carriers, on the one hand, and the Government, represented by the accounting officers on the other hand, was definitely known, that difference relating to one class of persons who would be frequently transported — members of the National Guard. That there might not appear to be an acquiescence in the ruling of the accounting officers in the matter the notice was given in advance. Confining it to the ruling in question and to the designated class of persons and the limited time there does not appear to be any reasonable ground for denying it the effect ,it was designed to have. It was in the circumstances stated a sufficient protest and objection against the land-grant deductions from bills at full tariff rates for transporting members of the National Guard, and rendered unnecessary a repetition of practically the same notice when the bills should be presented or paid.
*564 We think the plaintiff should have judgment for this item. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.