On a writ of certiorari (350 U. S. 953) to review a judgment of the United States Court of Claims in a suit involving higher railroad charges for the transportation of incendiary bombs to which the fuse and burster charge had not been attached; the Court of Claims holding that plaintiffs were entitled to recover.
The judgment of the Court of Claims was reversed by the Supreme Court on December 3, 1956, in an opinion by Mr. Justice Harlan and the case was remanded to the Court of Claims for further proceedings.
The syllabus of the Supreme Court opinion is as follows:
The three respondent railroads sued the United States in the Court of Claims under the Tucker Act to recover the difference between the tariff rates actually paid and those allegedly due on certain Army shipments of steel aerial bomb cases filled with napalm gel but without the bursters and fuses required to ignite them. The carriers claimed to be entitled to payment at the high first-class rates established in Item 1820 of Consolidated Freight Classification No. 17 for “incendiary bombs.” In each case the suit was brought within six years, though not within two years, after the cause of action accrued. The Court of Claims entered summary judgment for respondents. On review here, held:
*998 1. In the circumstances here presented, the question of tariff construction, as well as that of the reasonableness of the tariff as applied, was within the exclusive primary jurisdiction of the Interstate Commerce Commission.
(a) The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.
(b) A determination of the meaning of the term “incendiary bomb” in Item 1820 involves factors “the adequate appreciation of which” presupposes an “acquaintance with many intricate facts of transportation.”
(c) Where, as here, the problem of cost-allocation is relevant, and where therefore the questions of the construction of a tariff and of the reasonableness of the tariff are so intertwined that the same factors are determinative on both issues, then it is the Commission which must first pass upon them.
2. The issues as to the construction and reasonableness of the tariff having been raised by way of defense, referral of those questions to the Commission is not barred by the two-year limitation prescribed by § 16 (8) of the Interstate Commerce Act.
3. The Court of Claims erred in disposing by summary judgment of the Government’s defense that two of the respondents were estopped from charging the “1820” rate.
132 Ct. Cl. 115, 131 F. Supp. 919, reversed and remanded.