*723 MEMORANDUM BY THE COURT
Both parties to the action request the court to find that the plaintiff could have brought its action under existing law, and that the court take jurisdiction under the proviso of section 151 of the Judicial Code and render judgment in this case. The court, being of opinion that upon the facts established the subject matter of the resolution under which the claim was referred to this court is such that it has jurisdiction to render judgment, has done so.
*724 The facts are fully set out in the findings. The plaintiff asserts that the execution by it of the settlement contract wa§ an act done under compulsion and coercion, and can not be deenr.'d in law a voluntary act. In other words, the plaintiff charges that the new* agreement of December 31, 1918, was executed against its Avishes and under the pressure of financial necessity. It noAv seeks to enforce its rights under the original contract of September 26,1918, upon the ground that the last contract was executed under circumstances Avhich amounted, in law, to duress. The facts show that soon after the armistice was signed on November 11, 1918, between the United States and Germany, negotiations Avere begun between the parties with regard to the contract Avhich the plaintiff had with the United States as to the purchase of linters. These negotiations extended oA^er a period of some Ave.lrs, and they Avere culminated by the parties executing the settlement agreement of December 31,1918. The Government, on its side, announced to the plaintiff that it Avould exercise its right of cancellation, Avhich right was proAnded for in the contract, unless the plaintiff Avould accept the terms offered it by the Government. The new contract proposed by the Government contained stipulations essentially different from those in the original contract. The plaintiff, with full knowledge of its legal rights, executed the settle- ■ ment contract and received the amount in full Avhich the Government agreed to pay. It is true that the plainiff protested against signing the contract, and asserted that it signed it only because it was under the pressure of financial necessity. It signed because it believed that the terms proposed by the Government were the best it could get, and it required money for the conduct of its business, and feared financial disaster if it should refuse to sign. But there was no duress in the legal sense of the word. The plaintiff signed the contract because it believed that it was making the best settlement then obtainable. The officers of the GoA^ernment had no power to force them. These officers made an offer; they said to the plaintiff, take it or leave it; if you do not take it, we will cancel the contract and you can get your rights and pursue your remedies in the courts. The Government had the right to cancel the contracts, and the plain *725 tiff preferred to waive its rights under the original contract and to execute the settlement contract rather than go into the courts to .assert its rights. The plaintiff exercised its discretion and voluntarily signed the settlement contract. If the plaintiff Avas intending to rely upon the law, it should have turned doAvn the proposition of the Government and should liaATe then applied to the courts for redress against the action of the GoA'crnment in canceling the contract.
It is true that in the negotiations leading up to the final settlement it Avas contended by the plaintiff that the Government had no right to cancel the contract because, as the plaintiff insisted, the armistice Avas not a termination of the Avar within the meaning of the contract. It is not material to a decision of this case Avhether it was or not, for when the plaintiff executed the settlement contract it waived that question, together Avith all others which might have arisen if it had brought suit upon the cancellation of the original contract.
The GoA'crnment did cancel the contract by its telegram of December 30, 1918, and the plaintiff could then have pursued its remedies, if it had any, in the courts. Instead of doing that the plaintiff with full knowledge of all the circumstances executed the settlement contract, received the full amount from the Government which the contract provided, and it is noAv asking that the settlement contract be set aside and that it may now have the right to pursue its remedies under the original contract. In bald terms the plaintiff takes the position that it can take the benefit of the settlement contract, repudiate it, and demand its rights under the original contract and have them enforced. Such a position is not tenable.
The plaintiff’s case may be a hard one, but this court possesses no dispensing powers; it can not inquire whether the parties have acted wisely or rashly in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract Avithin the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention, or illegality in the case, the court is bound to enforce the agreement.'
*726 In this case the settlement contract must be enforced; the plaintiff should not have executed it if it thought that by so doing it was depriving itself of its rights under the original contract.