*929 MEMORANDUM BV THE COURT
The findings show in detail an award made to the plaintiff by the Secretary of War under the Dent Act, acceptance by the plaintiff, issuance to the plaintiff of vouchers covering the amount of the award, and a refusal to pay the vouchers. Suit is on the award.
The defendant contends; first, that the award in question was, for reasons stated, unauthorized and illegal and, second, that this court is without jurisdiction.
As to the first contention, we do not find it sustained by the facts, but do not discuss that feature of the case because of our views, recently expressed, as to the conclusive and unreviewable character of the award, except when the Government has been defrauded, which is not here alleged. See opinion on demurrer to counterclaim in Standard Steel Car Co. v. United States, ante, p. 726.
As to the defendant’s contention that this court is without jurisdiction of this case, it is of course apparent from the views expressed in the case above referred to that we can assert no jurisdiction to review and confirm or otherwise the award sued on, but we must not be unmindful of the general jurisdiction of this court under section 145 of the Judicial Code.
The award of the Secretary of War under the Dent Act and its acceptance by the plaintiff fixed in the plaintiff the right to receive the amount of money awarded. If that right, pursuant to such determination by the Secretary, is founded upon the Dent Act, then this court has jurisdiction as of a claim founded upon a law of Congress.
If plaintiff’s right is founded upon the award of the Secretary and its acceptance, rather than upon the law itself, it would seem that this action is within this court’s jurisdiction of claims founded upon'“any contract, express or implied, *930 with the Government of the United States.” And it may be said that the award and acceptance do not stand alone. The act authorized the Secretary not only to “ adjust,” an action indicated by his award and its acceptance, but also to “ pay.” This meant, of course, by the usual method; not from cash in the hands of the Secretary, but by the issuance of proper vouchers to be paid by those charged with that duty.
We need not consider whether the plaintiff might have sought a mandate to enforce the performance of a ministerial duty. That is an extraordinary remedy, and the plaintiff has seen fit to seek a legal remedy by way of judgment at the hands of this court. To this we think it entitled and have so ordered.
GRAham, Judge, took no part in the decision of this case.