Campbell, Ghief Justice,
delivered the opinion of the court:
This case is before the court upon defendant’s demurrer to the amended petition. The allegations are that plaintiff in February, 1918, entered into a contract with one B. L. Hamner, “ who was a prime contractor with the Government,” a copy of the contract being attached to the petition. This provided that the plaintiff would put in condition and plant 200 acres of land with castor bean seed to be furnished by Hamner, and that the crop would be cultivated as directed. Hamner agreed to buy the castor beans produced during 1918 from seed furnished by him at a stated price per bushel. The castor beans were for the use of the Government in the war against Germany. The plaintiff was urged by officials of the United States to make every possible effort to produce the castor beans, and accordingly bought implements and used the same in preparing the soil and cultivating the crop. The bean crop was almost a complete failure by reason of the seed, sold to plaintiff by the Government, being of a variety not adapted to the climate of Florida, where the land was situated, and the Government, finding that the failure of the bean crop was due to these defective seed, refunded to the growers, among whom was the plaintiff, the losses incurred in attempting to grow castor oil beans, but in adjusting plaintiff’s claim the Secretary of War, while making a satisfactory settlement for all other items of expense, refused reimbursement to plaintiff for expenditures for machinery and implements. It is for these last-named expenditures that plaintiff sues; and admitting receipt of the amount allowed by the Secretary, he avers that the Secretary “ arbitrarily refused ” to make any payment unless plaintiff would accept the amount offered as a *647 final settlement of the claim. It appears from Exhibit D to the petition that plaintiff filed a claim as subcontractor of Hamner, the prime contractor, which was considered by the claims board, Air Service, and that an allowance was made to him in full settlement and release of all claims he might have against the United States arising under this subcontract. He was paid the amount so allowed and executed a full release to the Government.
We conclude that the demurrer should be sustained: (1) It is not shown that plaintiff had any contract with the Government. He was a subcontractor under Hamner, the prime contractor. What the latter’s contract was does not appear, but the consideration given the subcontractor’s claims by the claims board was no doubt because of section 4 of the Dent Act (40 Stat. 1272) looking to the protection of subcontractors. (2) The amount awarded to plaintiff as subcontractor was accepted and a final release was executed by him. If he ever had a claim against the Government he has concluded himself by receiving the payment and executing this release. See Hartsville Oil Mill case, 60 C. Cls. 712-725, affirmed by the Supreme Court April 12, 1926, 271 U. S. 43.
An order will be made dismissing the amended petition.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth, Judge, concur.