Campbell, Chief Justice,
delivered the opinion of the court:
This case is before the court upon a demurrer to the amended petition. The plaintiff at the request of the Department of Justice in June, 1920, purchased a large quantity of sugar in the Argentine Republic for importation into the United States and to be sold under the direction of the department. It appears from the report of the Senate Committee on Agriculture and Forestry, set forth in the petition, that after the purchase by plaintiff of the sugar for importation the fact was widely heralded with the result that the price of sugar in the American market declined and plaintiff requested the Department of Justice to permit a resale of the sugar in the Argentine. This permit was refused and the plaintiff was required to bring the sugar to the United States and there was a large loss in its sale. The matter of this loss was brought to the attention of Congress by a joint resolution introduced for the relief of plaintiff. After extended hearings, the joint resolution was passed February 12, 1923, authorizing the President to require the United States Equalization Board to take over and dispose ■of the 5,000 tons of sugar imported from the Argentine Republic, and “to liquidate and adjust the entire transaction, paying to the corporation aforesaid such sum as may be found by said board to represent the actual loss sustained by them in said transaction.” (See 42 Stat. 1226.) It is averred that on May 21,1926, the President issued an Executive order reciting the joint resolution and that by virtue of it he had required the Sugar Equalization Board to take over the transaction mentioned and to pay plaintiff such sum as the board would find “to represent the actual loss sustained by P. De Ronde & Company (Incorporated) not •exceeding $1,500,000 in amount” and further reciting that pursuant to the direction given the board had found the plaintiff’s actual loss to have been “ at least $1,500,000.” The President accordingly directed the sugar board to pay plaintiff this sum “ as and for a full and final liquidation, *667 adjustment, and settlement of the loss sustained by it in the transaction as in the joint resolution provided.” It is averred by paragraph 7 of the petition that the sugar board “ determined the loss as of April BO, 1925, to be $1,811,222.66,” which did not include certain items of interest and “loss sustained on hypothecated securities ” which it is said increased the actual loss sustained to over two millions of dollars. On May 24, three days after the President’s order directing the payment of $1,500,000, the plaintiff received the sugar board’s check drawn on the Treasurer of the United States for that amount and executed a release in the most comprehensive terms of all claims or demands it had or “ ever can have ” against the Sugar Equalization Board. Setting forth the several matters above detailed, the petition avers that upon the passage of the joint resolution “ the United States became indebted to pay to the plaintiff company the amount of the actual loss sustained by that company in the transaction identified and described in said joint resolution.”
” It is contended for the plaintiff that its suit is based on the determination by the Sugar Board that the actual loss was $1,811,226.66 and that this determination constituted an obligation of the United States, its argument being that •where an officer or agency of the Government is authorized by law to determine the Government’s liability in a given case the determination by such officer or agency gives rise to :an implied contract on the part of the Government to pay the amount so determined. See Kaufman case, 96 U. S. 567; T. A. Gillespie Co. case, 60 C. Cls. 923. But if this proposition be conceded, it would yet be true that the plaintiff has ■settled the claim and discharged the sugar board by the terms of the release. It can not treat the sugar board as representing or standing in the room of the Government for the purpose of liability but not of discharge or release. On the contrary, the release of the board was the release of the 'Government, if the latter was ever otherwise liable. The plaintiff alleges that the sugar board determined the loss to •be as above stated, but it also alleges that the actual loss was .greater. If plaintiff is not bound by the determination, it is *668 difficult to see how the Government is bound,, but the inference is plain that the amount actually paid in settlement was agreed upon between the sugar board and plaintiff prior to the Executive order of May 21, 1926, and the order gave authority to close the matter by paying the sum that was. accepted in full discharge of any liability. The right of the Government to settle or compromise a claim asserted against it for less than the amount claimed has been too> long established to call for further discussion. See Savage case, 92 U. S. 382, 388.
The demurrer should be sustained and the amended petition dismissed. And it is so ordered.
Moss, Judge; Hat, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.