Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff is an Illinois corporation, engaged in the packing and selling of meats. On April 22, 1918, the plaintiff acceded to a telegraphic request to supply the Government with approximately 3,500,000 pounds of dressed beef to be delivered at various camps at varying prices per hundredweight. The transaction at its inception contemplated a consideration of $803,000. The plaintiff performed the contract and received therefor the sum of $787,413.29. Out of the transaction there developed two claims for payment for undelivered and unaccepted beef, one for $7,402.59 relating exclusively to Camps Wadsworth, Wheeler, and Greene; the other for $5,206.79 confined to transactions at Camp Jackson. The plaintiff on May 9, 1919, under the Dent Act filed before the War Department its claim PG 1957 for $7,402.59 alleged shortage in payment, due for the transactions relating to Camps Wadsworth, Wheeler, and Greene, and a little over a month later on June 20, 1919, inaugurated the same proceedings before the same department under the Dent Act for $5,240.48, identified as claim PG 3594, growing out of transactions confined to Camp Jackson. For some reason left unexplained the War Department con *523 sidered the last claim first, and on December 12, 1919, with the approval of the Secretary of War allowed it for $5,240.48. About a year later, December 6, 1920, the first claim, PG 1957, was allowed by the department for $7,402.59. The total amount of the claims, $12,643.07, was duly received by the plaintiff and the amount of claim PG 1957, i. e., $7,402.59, was subsequently deducted by the accounting officers of the Government from other funds admittedly due the plaintiff. It is for this amount, $7,402.59, so deducted that the present suit is instituted.
The defendant cites a number of cases to sustain a contention that the acceptance of the first award of $5,240.48, by the express terms of the written instrument according the same, precludes a recovery for the supplementary one of $7,402.59 made December 6, 1920.
. We find it difficult to sustain the contention upon the authorities cited. It is true that the total sum of deficiencies claimed for are attributable to the same contract, and it is likewise established that the paper executed by the plaintiff to receive payment of the first award contains, among other provisions, the following:
“Which sum, in conjunction with the payments herein-above mentioned made or to be made for the articles, work,- or services heretofore delivered and accepted, shall be in full adjustment, payment, and discharge of said agreement,”
a clause of a conclusive character, entitled to great weight g.nd casting upon the person seeking to escape final settlement thereunder the burden of showing a contrary intent when the transaction involves ah accord and satisfaction. In this case, however, we are not confronted with such a situation. Congress, as is well knowp,( enacted legislation establishing a tribunal to consider and adjudicate the demands of individuals, partnerships, and corporations upon informal contracts with the Government during the war. The authority of the tribunal within the limits of its jurisdiction and in accord with the mode of procedure was plenary, and it is inconceivable that in the event of an obvious error, honest mistake, or manifest injustice, called to its attention in an- award made, that jurisdiction to correct the same did not obtain. Judicial procedure embraces the *524 right to move for new trials and to correct erroneous judgments, or obtain supplementary ones. The awards made were in effect judicial judgments, enforceable in this court (Gillespie case, 60 C. Cls. 923), and, of course, the acceptance of an award precluded the right to challenge it later, except for fraud; but the plaintiff is not challenging an award. No mistake entered into the first award, the amount was correct and the determination in accord with the facts. What happened was a contention upon the part of the plaintiff for the supplementary award, a sum in addition to the first award, predicated upon the same basis as to right of recovery, but inadvertently omitted from the other claim. The War Department, under the Dent Act, was not foreclosed from correcting errors or doing justice; when meritorious contentions were advanced involving claims under its jurisdiction, surely authority to correct an erroneous award prevailed. This court in the Standard Steel Car Co. case, 60 C. Cls. 726, did not hold the contrary. What we held was simply, as stated in the syllabus:
“A collateral attack upon the judgment of a tribunal having judicial powers, where there is jurisdiction, can only be for fraud.”
What the court was asked to do was to review the case of the car company upon its merits, and pass judgment, in the absence of an allegation of fraud, whether under the facts and law applicable the award should have been made. There is nothing in the opinion of the court which remotely suggests the authority of the War Department under the Dent Act is curtailed to a single consideration of a claim, bereft of authority to allow supplementary awards, correcting obvious mistakes and omissions not called to attention during the consideration of the matter in the first instance. That the Government is indebted to the plaintiff in the amount claimed is not disputed; that all the confusion was due to the presentation of two instead of one claim is obvious, and that the board in granting the supplementary award was fully advised as to what had previously occurred and all the facts and circumstances attending the transaction appears clear from the record. No fraud or sharp practice *525 is alleged, and no assertion made challenging the good faith of the plaintiff.
Judgment will be awarded the plaintiff for $7,402.59. It is so ordered.
Sinnott, Judge; Geeen, Judge; Moss, Judge; and Gba-ham, Judge, concur.