Williams, Judge,
delivered the opinion:
The plaintiff brings suit on three items growing out of the performance of the contract aggregating $2,583.
The items are: (1) $1,500 damages for alleged delays caused by the defendant; (2) $33 alleged to be due on account of extra work; and, (3) $1,050 deducted by the defendant as liquidated damages.
(1) Claim for $1,500 damages on account of delay in completing contract. — The contract provided that the work should be completed within 120 calendar days from the date of receipt of notice to begin work. The plaintiff received *255 notice from the Director of the Veterans’ Bureau on September 17,1925, to begin the work, the date for completion of the work being thereby fixed at January 15, 1926. This time was extended six calendar days in Change Order F, making January 21, 1926, the completion date. The work was completed on February 20, 1926, a delay of 30 days beyond the date originally fixed and as extended by Change Order F. The plaintiff contends the delay in completing the work was occasioned by changes in the plans for the work made by the defendant in the change orders hereinafter referred to, and that by reason of such delay he sustained loss and damage amounting to $1,500.
Paragraph IV of the contract provides that changes in the drawings and specifications within the general scope of the work may be made from time to time by the contracting officer. Pursuant to this right the contracting officer made certain changes embodied in Change Orders A, B, C, D, E, and F. The details of the changes made by these orders are set out in Findings III to X, inclusive, and need not be restated here. The contract price for the work was increased by virtue of the respective change orders: A, $653.40; B, $373; C, $135; D, $127.05; E, $25; and F, $82.50. On account of the changes in Change Order F, the contract time of completion of the work was extended by six calendar days.
The provisions of a contract authorizing changes in the plans and specifications carries with it the reasonable implication that if such changes are made a delay in the prosecution of the work may result. Moran Brothers Company v. United States, 61 C. Cls. 73.
The changes made in this case were authorized in the contract, and the contract price related as much to the privileges of making them as to any other provision in the contract. The right to make the changes was a right the Government contracted for and it can not be held liable in damages beyond the extra cost involved in mailing the changes themselves. The Government can not be subjected to damages for exercising a privilege bought and paid for by it, in the absence of a showing it has abused such privilege. McCord v. United States, 9 C. Cls. 155.
*256 In Moran Brothers Company v. United States, supra, the court said:
“ * * * Changes were authorized, and this implied that they would, or at least might, produce delays. The board's determination settled any compensation due on this account. It was never contemplated * * * by the contract that delays incident to changes would subject the Government to damage beyond that involved in the changes themselves.”
When the plaintiff accepted the various change orders he accepted the additional price fixed for the work as full compensation for making the changes, and in the absence of a showing the Government delayed the work required to make the changes themselves, the plaintiff can not recover incidental costs and damages resulting from the delay occasioned by such changes.
(2) Claim for $33 for granitoid floor. — The facts in relation to this item are set out in Finding XI. The defendant contends this work was included in the $653.40 paid the plaintiff under Change Order A. Of course if the installation of the granitoid floor was included in Change Order A, plaintiff has been compensated for the work and can not recover. It is not necessary, however, for us to determine the correctness of the defendant’s contention that the work was included in Change Order A in reaching a decision that the plaintiff is not entitled to recover. No change order (unless it was included in Change Order A) was ever executed authorizing plaintiff to install the granitoid floor. It is not shown that the contracting officer, or anyone authorized to represent him, ever directed or requested the plaintiff, in writing or otherwise, to do this work.
Article VI of the contract provides:
“Article VI. Extras. — No charge for any extra work or material, except as provided in the preceding article relating to changes, will be allowed unless the same has been ordered in writing by the contracting officer and the price stated in such order and accepted by the contractor.”
The rule is well settled that a contractor can not recover for extra work in excess of that called for in the contract when such work was not ordered in the manner required in the contract.
*257 In Plumley v. United States, 226 U. S. 545, the court said:
“The other items for extra work were properly disallowed. The contract provided that changes increasing or diminishing the cost must be agreed on in writing by the contractor and the architect, with a statement of the price of the substituted material and work. Additional precautions were required if the cost exceeded $500. In every instance it was necessary that the change should be approved by the Secretary. There was a total failure to comply with these provisions, and though it may be a hard case, since the court found that the work was in fact extra and of considerable value, yet Plumley can not recover for that which, though extra, was not ordered by the officer and in the manner required by the contract.”
Claim S, for $1,050 deducted as liquidated damages. — Work under the contract was completed February 20, 1926, or 30 days after the time for completion stipulated in the contract, and as extended by Change Order F. The defendant deducted $35 per day for each of the 30 days of delay from the amount due to the plaintiff.
The plaintiff contends that the $1,050 liquidated damages were wrongfully imposed because the delay in completion of. the work was caused by the defendant. The contention that plaintiff was delayed 10 days in starting the work is without merit. The contract provides that the work be completed within 120 calendar days from the date of receipt of notice from the director to begin work. The notice was received September 17, 1925. The completion date of the work is properly computed from this date and not from September 7th, as plaintiff contends.
The plaintiff’s contention that he is entitled to an extension of time on account of delays growing out of the various change orders is likewise without merit. These change orders were each made in accordance with proposals- submitted by the plaintiff. They were made in writing and specified the additional work required and the price which the defendant was to receive for the same. With the exception of Change Order F they each specifically stated, “This change in contract price involves no change in time for completion.” The acceptance of each of these change orders by the plaintiff constituted a new and supplemental contract between the parties. Plack et al. v. United States, 66 C. Cls. 641. The *258 provision in the change orders that the “change in contract price involves no change in the time for completion” places the plaintiff in the same position, in respect to the contract obligation to pay liquidated damages, he would be if the original contract had provided for the work covered in the change orders. He agreed to perform the work required in the change orders (except Change Order F) within the time stipulated in the original contract. He has not shown that he was delayed in the performance of this work by the defendant, and therefore can not be relieved from his contract obligation to pay liquidated damages.
The facts in this case do not bring it within the rule announced in Plack et al. v. United States, supra, relied upon by the plaintiff that “the effect of these contracts for additional work and ‘change orders ’ was to abrogate the time limit for the completion of the contract.” In that case the change orders were executed long after the date fixed in the original contract for completion of the work had expired, and of course the provision which we think is controlling in this case, “that the changes involve no change in the time for completion” does not appear. Snare & Triest Co. v. United States, 55 C. Cls. 386, also cited by plaintiff, is not in point for the same reason.
The plaintiff is not entitled to recover. It is ordered that the petition be dismissed.
Whaley, Judge; LittletoN, Judge; Green, Judge; and Booth, Chief Justice, concur.