Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff entered into a contract with the defendant on June 19, 1934, whereby it agreed to furnish all labor and materials and perform all work required for the construction of concrete foundations for 300-foot and 600-foot radio towers at the Naval Radio Station, Summit Canal Zone, in accordance with designated specifications and drawings, for the sum of $47,816.00. The work was to commence 10 days after receipt of notice and the foundations for the 300-foot towers were to be completed within 45 days and the foundations for the 600-foot towers within 75 days from the date of receipt of notice to proceed.
The plaintiff was notified to proceed with the work July 24,1934 and this fixed the date for completion of the 300-foot towers as on or before September 7,1934, and for the 600-foot towers October 7, 1934. The foundations for the 300-foot towers are not in controversy as they w'ere completed within the time specified.
*484 During the course of the work plaintiff was delayed by the Government by failure to inspect the copper wire for the tower foundations on time and the contracting officer extended the time for completion 10 days. The contracting officer also authorized certain changes in the tower foundations and soil-bearing test on the foundations of footing C of tower No. 1, and gave an increase of $470.88 in the contract price and modified the contract in writing accordingly. Longer piles were required at three of the locations for the towers and rock was encountered in the excavations of the foundations for one of the towers and the contractor was required to provide a drainage ditch to protect footing C of foundations for another tower. For the extra length of piles, for the drainage ditch, and for the rock excavations, the contracting officer determined that the contract price should be increased by $4,784.54 and gave an extension of 35 days for the completion of the contract. All of these changes were in accordance with the terms of the contract and the specifications.
Section 2-01 of the specifications provided:
Bids shall be based on the following: (a) that the surface elevations are as indicated; (b) that rock will not be encountered; and (c) that no artificial obstructions will be encountered. In case the actual conditions differ from those stated and/or shown, an adjustment in the contract price and/or the time for completion of the work will be made in the same manner as provided by article 4 of the contract. Rock shall be defined as solid ledge requiring blasting for economical removal and/or boulders more than one-half cubic yard in volume.
Article 4 of the contract provided:
Changed conditions. — Should the contractor encounter, or the Government discover during the progress of the work, subsurface and (or) latent conditions at the site materially differing from those shown on the drawings or indicated in the specifications, the attention of the contracting officer shall be called immediately to such conditions before they are disturbed. The contracting officer shall thereupon promptly investigate the conditions, and if he finds that they materially differ from those shown on the drawings or indicated in the specifica *485 tions, be shall at once, with the written approval of the head of the department or his representative, make such changes in the drawings and (or) specifications as he may find necessary, and any increase or decrease of cost and (or) difference in time resulting from such changes shall be adjusted as provided in article 3 of this contract.
Section 3-04 of the Specifications provided as follows:
Bids shall be based on lengths of piles from point to cut-off as indicated. If precast piles are used the vertical reinforcement shall extend at least 2 feet above cutoff. Should longer piles or a greater number of piles be required, adjustment in payment under the contract will be made in accordance with article 3 of the contract. Except where cast-in-place piles are used, no deduction in payment under the contract will be made by reason of the actual length of pile in place being less than the length specified.
The work was completed and accepted on April 12, 1935, the contracting officer having assessed against the plaintiff $3,950.00 for 55 days’ delay on tower No. 3, 12 days on tower No. 4, and 91 days on tower No. 5. When the work was completed and accepted, the plaintiff executed a release with the Government for all claims arising under or by virtue of the contract in accordance with Article 16 (d) of the contract and reserved only the right to protest the liquidated damages which had been assessed.
Article 16 (d) of the contract reads as follows:
Upon completion and acceptance of all work required hereunder, the amount due the contractor under this contract will be paid upon the presentation of a properly executed and duly certified voucher therefor, after the contractor shall have furnished the Government with a release, if required, of all claims against the Government arising under and by virtue of this contract, other than such claims, if any, as may be specifically excepted by the contractor from the operation of the release in stated amounts to be set forth therein.
The plaintiff brings this action to recover damages for delays and added expense caused by (1) misrepresentation and failure to disclose facts as to the site where certain radio tower foundations were to be constructed necessitating *486 changes due to unforeseen soil conditions and (2) through breach of the construction contract.
In the advertisement for bids and paragraph 7 of the General Provisions of the Specifications, the plaintiff was inf orinad as follows:
Information respecting the site given in the drawings and specifications has been obtained by Government representatives and is believed to be reasonably correct, but the Government does not warrant either its completeness or accuracy. Intendmg bidders are invited to examine the site and acquaint themselves with the working conditions. They will be furnished with such additional information as is available by the local Government representatives.
The plaintiff was informed by this provision that it was encumbent upon it to make its own examination of the site and that only the information which was in possession of the Government would be given and that this information was not guaranteed. Plaintiff made its own examination of the site along with other bidders and had full opportunity to become acquainted with all the conditions. No information in the possession of the Government was withheld from the contractor who did not seek during the execution of the contract any further information from the defendant but relied entirely upon its own inspection.
The Commissioner has found and, after a thorough investigation of the record, we are convinced that there was no misrepresentation as to the condition of the site and that the Government furnished the plaintiff with all the information in its possession which had any bearing on the contract. Whatever changes were made, due to sub-surface conditions,. were carried out in strict conformity with the terms of the contract, a fair and reasonable compensation for the extra work was allowed, and a reasonable extension for the completion of the contract was made. The evidence shows that plaintiff was a member of the Boards which passed on these changes and agreed that they were satisfactory both as to amounts and to extension of time. Besides, plaintiff executed a release and only excepted to the amount of liquidated damages which had been assessed against it.
*487 There is no showing that there was any duress or coercion brought to bear on the plaintiff to execute this release but it was executed in due compliance with the terms of the contract as above set forth. This release is binding on the plaintiff. Chamberlain Machine Works v. United States, 59 C. Cls. 972; 270 U. S. 347; Siff Brothers Co. v. United States, 60 C. Cls. 331; Eppes v. United States, 62 C. Cls. 645; and DeRonde & Co. v. United States, 63 C. Cls. 665.
In Hartsville Oil Mill Company v. The United States, 60 C. Cls. 712, 725, (affirmed 271 U. S. 43), the court held:
* * * In bald terms the plaintiff takes the position that it can take the benefit of the settlement contract, repudiate it, and demand its rights under the original contract and have them enforced. Such a position is not. tenable.
* * * If they are competent to contract within the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention, or illegality in the case, the court is bound to enforce the agreement.
The sole question remaining in our judgment is the assessment of liquidated damages for delays in completing the contract on time. There is no question that three of the towers were not completed until long after the time provided for the completion of the contract, as extended by the change orders and that the liquidated damages are assessable unless the delays were occasioned by the defendant.
The record fails to disclose that there are any misrepresentations on the part of the defendant as to the conditions to be encountered at the site or any sub-surface conditions or delays for which the plaintiff was not fully compensated and a reasonable extension of time for the completion of the contract granted. A careful perusal of the evidence shows that the terms of this contract were faithfully and carefully preserved and every step taken by the Government was in compliance with the terms of the contract. Griffiths v. United States, 74 C. Cls. 245. The delays which were not compensated for were those arising from the failure of the plaintiff to expedite the work by having adequate equipment and a vigorous prosecution of the work by an adequate crew of workmen.
*488 The facts show that the delays were caused by the plaintiff and the defendant was in no way responsible for any delays for which liquidated damages have been assessed.
There can be no recovery on the part of the plaintiff and its petition is dismissed. It is so ordered.
Littleton, Judge; and GReen, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.