Whaley, Chief Justice,
delivered the opinion of the court:
On March 31, 1939, plaintiff entered into a contract with the defendant to furnish all labor and materials required for certain betterments at the United States Assay Office in New York City. A part of the work called for in the contract was *433 the cleaning of stains from the exterior stonework of the building1.
Paragraph 9 of the specifications provided a method for cleaning the stone. In this method phosphoric acid was to be used but it was found that this was not satisfactory. Experiments were conducted and plaintiff was allowed, at no additional cost to defendant, to use a solution of hydrofluoric acid in lieu of the phosphoric acid. The hydrofluoric acid method ivas not entirely satisfactory and plaintiff requested of the defendant permission to clean the stone by a different method at a cost of $565.00. The construction engineer refused to grant a change in the contract and plaintiff then took the matter up with the supervising engineer requesting compensation for extra work but the supervising engineer confirmed the decision of the construction engineer. No further action was taken about a change but the plaintiff went ahead and cleaned the stone exterior of the building by the method outlined in finding 9.
Article 3 of the contract provided for changes stating that all changes over $500 had to be approved in writing by the head of the department. No change was approved in writing by the head of the department.
Article 5 of the contract provides as follows:
Extras. — Except as otherwise herein provided, no charge for any extra work or material will be allowed unless the same has been ordered in writing by the contracting officer and the price stated in such order.
The removal of the stains was part' of the contract and the method to be used was provided. Kesorting to another method without a written change order was not within the terms of the contract and no liability resulted.
See Plumley v. United States, 226 U. S. 545; Pope v. United States, 76 C. Cls. 64, 96, 99; and Griffiths v. United States, 74 C. Cls., 245, 256, 257.
Plaintiff is not entitled to recover and his petition is, dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; and-Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.