CAIRO, TRUMAN & SOUTHERN RAILROAD COM-
PANY *v.* UNITED STATES ET AL.

APPEAL FROM THE COURT OF CLAIMS.

No. 230. Argued January 23, 1925.—Decided March 2, 1925.

1. An agreement between a railroad company and the Director General of Railroads for settlement and release of claims like the agreement in *St. Louis, etc. R. R. Co.* v. *United States, ante,* 346, considered and *held* within the authority of the Director General; and binding on the railroad, even if without consideration, it being under seal, and operative on the claim in question. P. 351.

2. Allegations *held* not sufficient to charge duress. P. 352.

58 Ct. Clms. 336 affirmed.

APPEAL from a judgment of the Court of Claims dismissing the petition on demurrer.

*Mr. S. S. Ashbaugh,* with whom *Mr. G. B. Webster* was on the brief, for appellant.

*Mr. A. A. McLaughlin,* with whom *Mr. Solicitor General Beck* and *Mr. Sidney F. Andrews* were on the brief, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is an appeal from the judgment of the Court of Claims which dismissed the petition on demurrer. Plaintiff's claim is in character the same as that sued on in *St. Louis, Kennett & Southeastern R. R. Co.* v. *United States,* decided this day, *ante,* p. 346. It is presented in the same manner; and the Government makes the same defense. The provision for settlement and release of claims here relied upon is substantially the same as in that case. But, in other respects, the contract is entirely different. It is in the form, known as the *per diem* contract, which contains no operative provision other than that providing for settlement and release of claims. The rest of the document consists of recitals and the testimonium clause. The consideration for the settlement and release is therein stated to be " obtaining the advantages of the two days' free time or reclaim allowance and such other co-operation as is accorded to it by the Director General of Railroads."

The petition alleges that the Director General gave no more than he would have been obliged by law to give had no agreement been made. This is not true. But it is, in any event, without legal significance. The plaintiff's agreement embodying the release was under seal. Hence, it is binding even if without a consideration. The petition alleges, also, that the agreement " was accepted by the

officers of the plaintiff for the purpose of saving for themselves such rights, privileges, and conveniences as were indicated by the Director General, and was signed for this purpose only and not otherwise, and for the supposed concessions set out in the contract itself." The allegation does not charge facts constituting legal duress. *United States* v. *Child & Co.*, 12 Wall. 232, 244. Nor is it claimed that the agreement is void because of duress.

As in the *St. Louis Company case*, the Director General clearly had authority to enter into the agreement in question.

*Affirmed.*