## CHAMBERLAIN MACHINE WORKS *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 123. Argued January 12, 13, 1926.—Decided March 1, 1926.

A petition relying upon fraud and coercion to overcome a release of the claim sued on, must state distinctly the particular acts, specifying by whom and in what manner they were perpetrated, so that the court may see that, if proven, they would warrant the setting aside of the settlement.

59 Ct. Cls. 972, affirmed.

APPEAL from a judgment of the Court of Claims dismissing a petition on demurrer.

*Mr. Raymond M. Hudson,* with whom *Mr. Burton E. Sweet* was on the brief, for appellant.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* was on the brief, for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Chamberlain Machine Works filed its petition in the Court of Claims to recover compensation for the partial performance of a war contract for the machining of steel shells, which had been cancelled by the United States before completion, pursuant to the terms of the contract. The petition was dismissed on demurrer, without opinion. 59 Ct. Cls. 972. The appeal was allowed in June, 1924.

The petition and an exhibit thereto disclosed that the claim was originally prosecuted in the War Department, under the Dent Act, in various proceedings before the Ordinance Section of the Claims Board, the Board of Contract Adjustment,[1] and the Appeal Section of the Claims Board;[2] and that the Secretary of War made an award to the petitioner of $41,300.05, " in full adjustment, payment, and discharge " of the contract, which was accepted by the petitioner, in writing, in " full satisfaction of any and all claims or demands " which it had or might have pertaining to, growing out of, or incident to the contract.

The petition sought to recover on the original contract, despite the settlement made more than three years before. It alleged, broadly, that this settlement was iniquitous and unjust, and not the voluntary act of the petitioner, but was secured by " fraud " of the officers of the War Department in the handling of the claim, by " continued brow-beating," and by " coercion " through which they " literally forced " the petitioner to take the sum offered.

[1] 6 Dec. War Dept. 242.          [2] 8 Dec. War Dept. 298.

The general allegations of "fraud" and "coercion" were mere conclusions of the pleader; and were not admitted by the demurrer. *Fogg* v. *Blair,* 139 U. S. 118, 127. To show a cause of action it was necessary that the petition state distinctly the particular acts of fraud and coercion relied on, specifying by whom and in what manner they were perpetrated, with such definiteness and reasonable certainty that the court might see that, if proved, they would warrant the setting aside of the settlement. See *Stearns* v. *Page,* 7 How. 818, 829; *Perkins-Campbell Co.* v. *United States,* 264 U. S. 213, 218; *Cairo Railroad* v. *United States,* 267 U. S. 350, 352. The petition contained no such specific allegations; and since its vague and general averments did not overcome the effect of the release, the demurrer was properly sustained. See *St. Louis Railroad* v. *United States,* 267 U. S. 346, 350.

The judgment of the Court of Claims is

*Affirmed.*