MEIER *v.* SCHULTE.

1. Contracts—Consideration—Purchase of Stock—Release.

　　Express release of defendants' rights under an agreement to purchase some of plaintiff corporation's stock constituted consideration for corporation's promises to make payments to such defendants under contract now sought to be cancelled.

2. Cancellation of Instruments—Duress—Pleading.

　　Bill to cancel compromise agreement whereby plaintiff corporation released defendants from their agreement to purchase stock in the corporation and to make payments to such defendants failed to state a cause of action as to such corporation on the ground of duress against the corporation in the absence of allegation of duress.

3. Same—Joint Adventure—Compromise Agreement—Pleading.

　　Bill to cancel compromise agreement between defendants and individual plaintiff whereby latter became secondarily liable to repay to defendants a portion of the sums they had invested in alleged joint adventure failed to state a cause of action as to such plaintiff where only joint adventure which could have existed was in stock holding in corporation in which such plaintiff was given a controlling interest for an assignment of sales rights to oil filters and patents issued and to be issued thereon and bill alleged the investment of defendants was in the oil-filter business.

4. Same—Compromise Agreement—Duress—Pleading.

　　Cancellation of compromise agreement on ground of duress may not be effected under averments of bill merely stating that defendants threatened that if sums under such agreement were not paid, they would make public certain claimed

References for Points in Headnotes

[1] 12 Am Jur, Contracts, § 81.
[2–4] 9 Am Jur, Cancellation of Instruments, §§ 19, 56; 17 Am Jur, Duress and Undue Influence, §§ 25, 26.
[4] 17 Am Jur, Duress and Undue Influence, § 9 *et seq.*

facts which would be injurious to the reputation of plaintiff, his friends and relatives and by means of such threats and importunities did exercise duress upon plaintiff as it is necessary to state facts showing compulsion with sufficient definiteness and certainty that the court might see that if proved they would warrant cancellation and that plaintiff was so intimidated by the threats that he ceased to be a free moral agent and thereby incapacitated to consent to the agreement.

Appeal from Wayne; Murphy (George B.), J. Submitted January 5, 1950. (Docket No. 51, Calendar No. 44,648.) Decided March 1, 1950.

Bill by Clemens F. Meier and another against Jerome J. Schulte and another for cancellation of settlement contracts and to restrain enforcement thereof. Decree for defendants. Plaintiffs appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*Richard J. Sullivan* (*Nathaniel W. Gold,* of counsel), for defendants.

BUTZEL, J. Plaintiffs Clemens F. Meier and Meier, Inc., a Michigan corporation, hereinafter referred to as the corporation, filed a bill against Jerome J. Schulte and Henry J. Schulte, wherein the following claims are made. Clemens Meier was the owner and inventor of an oil filter of great value and for which he had applied for letters patent, some of which have been issued. He assigned the sales rights and agreed to transfer the patents, issued and unissued, to the corporation in consideration of a controlling interest in its capital stock, which interest he still owns. Subsequently, defendant Jerome J. Schulte solicited Meier to enter what he calls a "joint venture" with said Schulte, wherein

Schulte would invest in the oil-filter business the sum of $8,000, and Henry J. Schulte would invest an additional $2,000, making a total investment of $10,000. It was finally agreed that the investment should be made as solicited, but only Jerome J. Schulte should become interested as a "joint adventurer," and that Henry J. Schulte's investment should be through his brother Jerome. Defendants thereupon did invest $8,000.

The Ford Motor Company, herein called Ford, to whom the filter had been previously submitted, had reported that it might be adopted as part of its equipment, and plaintiffs looked forward to an arrangement with Ford whereby the filter would produce a large profit. Ford subsequently indicated that the filter had certain difficulties when operated that had to be overcome and therefore it was not adaptable for Ford's use. Thus the prospect of profit from that source was terminated. The bill further alleges that defendants demanded that the corporation return the money which they had invested, and were very insistent and constantly importuned Meier, individually and as an officer of the corporation for repayment. Defendants "threatened that if said sums were not repaid, that they would disclose and make public *certain claimed facts* which would be injurious to the reputation of the plaintiff and the friends and relatives of plaintiff Clemens F. Meiers, and by means of such threats and importunities, did exercise duress upon plaintiff Clemens F. Meiers." (Italics ours.)

The bill further stated that the plaintiffs were under no obligation whatsoever to repay these sums, as the transaction was a joint venture, but that "in ignorance of their rights" and because of the threats and duress exercised by the defendants and despite the lack of consideration and under the guise of an adjustment of the alleged contentions, they entered

into 2 "purported" agreements designated as exhibits "A" and "B" whereby in exhibit "A" the corporation agreed to repay $4,000 to defendants and in exhibit "B" Meier agreed to pay the sums if the corporation failed to do so. The bill of complaint, to which the exhibits were attached, alleges that the contracts were void for want of consideration and because of duress. It further stresses that some sums under the contract have been paid defendants and that defendants threaten that they will bring legal action to collect the balance.

Plaintiffs, in their prayer for relief, ask that exhibits "A" and "B" be cancelled, and that defendants be enjoined from collecting under the contracts or commencing any proceedings to collect, and that defendants be further compelled to return to plaintiffs all sums theretofore paid.

Both of the attached exhibits were couched in the language employed by competent attorneys and apparently were drafted with care and precision. Exhibt "A," dated December 23, 1947, was a contract between the Schultes and the corporation and stated that the parties to it had theretofore entered into an oral agreement under which the Schultes agreed to contribute the sum of $10,000 to the corporation in order to furnish it the necessary working capital and under which they were to receive 10 shares of stock in the corporation after they contributed the entire sum; that they had contributed $8,000 of this sum; that controversies had arisen between the parties and that the Schultes had refused to contribute any further sums; that the parties were therefore entering into mutual releases of their previous obligations and rights and of all claims against each other, except that the corporation promised to pay the Schultes $4,000 in the following manner: $1,000 upon execution of the contract, $1,500 on or before September 10, 1948, and $1,500

on or before June 10, 1949. It was witnessed by 2 attorneys, one of whom appears for defendants in the instant case.

Exhibit "B," executed on the same date, was in the form of a letter from Meier to the Schultes. It stated that in consideration of the Schultes' execution of the afore-mentioned contract with the corporation and in further consideration of their execution of releases of all claims against Meier, individually, that he would pay the last 2 sums under the contract, 6 months after they were due, if the corporation failed to do so. He further agreed that in the event of his default to make the first of the 2 payments on the stipulated date, that Schultes had the option of declaring the entire unpaid balance immediately due and payable.

A motion was made to dismiss on the grounds that equity had no jurisdiction over the subject matter; that the bill did not state any cause of action for equitable relief; that plaintiffs had an adequate relief at law; that the bill did not show what the alleged duress consisted of; and that the claim of joint venture was negatived by the contracts which plaintiffs had attached to the bill. It is unnecessary to set forth the other reasons stated therein. The court, in granting the motion, filed an opinion stating that the attached exhibits on their face showed the consideration; that the allegation of duress was a mere conclusion of the pleader without facts or circumstances stated that warranted these allegations. He further held that the facts and circumstances alleged in the bill were insufficient to warrant a court of equity taking jurisdiction as plaintiffs had a plain and adequate remedy at law, should the defendants sue on the contracts.

The bill contains no allegations that the corporation ever entered into a joint adventure with the defendants. Its categoric denial that there was any

duty to repay defendant's investment precludes the possibility that defendants were mere creditors. Therefore, the only possible relationship that could have been had with the corporation by virtue of their investment was that of purchasers of its stock. There is no denial of the statement in the attached contract that such was the case except the pleader's conclusion or bald statement that they were joint adventurers. In the express release of their rights under the agreement to purchase there apparently was consideration for the corporation's promises. No allegations of duress against the corporation were made, so that in so far as the corporation is concerned, no cause of action was stated.

The bill states that Meier accepted a controlling interest in the capital stock of the corporation in return for his assignment to it of the sales rights and his agreement to transfer all patent rights to the filter, all of which occurred before the defendants solicited the opportunity to invest. Therefore the only joint adventure he could have entered into with defendants respecting the filter would have been in respect to his stock holdings in the corporation. But this possibility is precluded by the allegations in the bill that Meier still is the owner of that stock and that defendants' investment was made in the oil-filter business. Meier further does not deny the truthfulness of the statements in exhibit "A" which negatives the possibility of a joint venture.

The only other question for consideration is whether the bill contains a sufficient allegation of duress for which equity could relieve him of his agreement to pay in the event that the corporation failed to do so. Was the allegation that defendants "threatened that if said sums were not repaid, that they would disclose and make public certain claimed facts which would be injurious to the reputation of the plaintiff and the friends and relatives of plain-

tiff Clemens F. Meier, and by means of such threats and importunities, did exercise duress upon plaintiff Clemens F. Meier" a sufficient averment? In *Kamenitsky* v. *Corcoran,* 177 App Div 605 (164 NYS 297), the complaint stated that defendant "threatened that if the said sum was not paid to defendant he would cause the license of the plaintiff herein to be taken away and would cause the plaintiff to be ousted from said location." In holding the averment insufficient to state a cause of action, the court applied the following rule:

"It is not sufficient to merely characterize the defendant's conduct as a 'threat' or to allege that the payments were made 'under duress.' The complaint must state facts which constitute a legal basis for the charge of compulsion or involuntary payment, so that the court can see the pleader's conclusion of law is justified. * * * This requirement does not offend the rule against pleading evidentiary matters, for that rule only applies to unnecessary allegations. It is sometimes necessary to plead matters more or less evidentiary in order to avoid pleading mere conclusions."

See annotation in 119 ALR 997 for an extensive collection of similar authorities.

The bill failed to specify the acts of coercion with sufficient definiteness and reasonable certainty that the court might see that if they were proved they would warrant cancellation of the agreement. *Chamberlain Machine Works* v. *United States,* 270 US 347 (46 S Ct 225, 70 L ed 619); *Bunker Hill Country Club* v. *McElhatton,* 282 Ill App 221. There is further nothing to show that Meier was so intimidated by the threats that he ceased to be a free moral agent and was thereby incapacitated to consent to the agreement he entered into. *Clement* v. *Buckley Mercantile Co.,* 172 Mich 243; *Dallavo* v. *Dallavo,* 189 Mich 350.

As no cause of action was stated, the order of the circuit court is affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.