APFELBLAT v NATIONAL BANK WYANDOTTE-TAYLOR

Docket No. 89564. Submitted November 6, 1986, at Detroit. Decided March 2, 1987.

Allen Apfelblat brought an action in the Oakland Circuit Court against National Bank· Wyandotte-Taylor and Michigan National Bank-Oakland. Plaintiff had executed one promissory note in favor of the Wyandotte-Taylor Bank and two promissory notes in favor of the Oakland Bank to finance the purchase of three automobiles. The loans were payable in lump sum payments and were secured by the automobiles. Shortly thereafter, plaintiff was involuntarily committed for treatment at a psychiatric hospital. Following his release from the hospital and in response to defendant banks' warnings that they would initiate collection proceedings, plaintiff made some interest payments and executed new promissory notes to cover the accrued debts of the old notes. In his complaint, plaintiff sought a discharge of his obligations under the promissory notes, contending that he lacked capacity at the time the original notes were executed, and asked the trial court to enjoin defendants from any action in execution of the debts. Following a hearing, the trial court, James S. Thorburn, J., dissolved a temporary order restraining defendants from execution and appointed receivers whom it instructed to secure offers to purchase the automobiles. After a list of offers was filed with the trial court, the court gave plaintiff twenty-one days within which to attempt to secure higher offers and ordered a sale of the automobiles thereafter. The Oakland Bank filed a counterclaim for the two most recent promissory notes executed by plaintiff. The sale of the automobiles resulted in a deficiency on

REFERENCES

Am Jur 2d, Criminal Law §§ 720 et seq.; 956 et seq.

Am Jur 2d, Witnesses § 140.

Accused's right to counsel under the Federal Constitution. 2 L Ed 2d 1644.

Propriety of allowing absent witness to be examined over closed-circuit television. 80 ALR3d 1212.

See also the annotations in the Index to Annotations under Competency of Witnesses.

the Oakland Bank notes and the trial court, on the Oakland
Bank's motion for summary disposition, awarded the bank the
deficiency, ruling that plaintiff had ratified the original notes
following his return to competency. The trial court subse-
quently denied plaintiff's motion to modify the order granting
summary disposition, in support of which plaintiff had argued
that ratification was invalid because it was done under duress.
Plaintiff appealed, claiming summary disposition was precluded
by the presence of genuine issues of material fact.

The Court of Appeals *held:*

1. Plaintiff's incompetence at the time the original notes were
executed and his return to competency following treatment
were undisputed. Plaintiff's ignorance of the fact that the law
provides that voidable contracts made by legally incompetent
persons prior to adjudication of mental incompetency may later
be ratified after the contractor is returned to competency does
not invalidate plaintiff's ratification.

2. Plaintiff failed to preserve his duress claim since he had
failed to raise it as an affirmative defense to the Oakland
Bank's counterclaim. In addition, plaintiff's factual assertions
failed to raise a duress defense.

3. No material factual dispute existed regarding the commer-
cial reasonableness with which the automobiles were sold since,
under a statute, the disposition of collateral in a judicially
approved manner is conclusively presumed to be commercially
reasonable.

Affirmed.

1. CONTRACTS — PARTIES — MENTAL COMPETENCY.

Contracts made by mentally incompetent persons prior to adjudi-
cation of mental incompetency are not void, but are voidable.

2. CONTACTS — RECISSION — MENTAL COMPETENCY.

A party must take affirmative action to rescind a contract he
entered into while mentally incompetent; until such action is
taken, the contract must be treated as valid.

3. CONTRACTS — RATIFICATION — MENTAL COMPETENCY.

A party who entered into a contract while mentally incompetent
may ratify such contract after regaining competency; ratifica-
tion may be express or implied, so long as there is knowledge of
the material facts relating to the initial contract.

4. WORDS AND PHRASES — DURESS.

Duress is compulsion or coercion by which one is illegally forced
to act by fear of serious injury to person, reputation or fortune.

5. Debtor and Creditor — Collections — Duress.

  A creditor may properly warn of his intentions to pursue collection without being subject to a defense of duress where the creditor does not act unlawfully and the debtor premises his claim of duress solely on fear of financial ruin.

*Shapack, McCullough & Frank* (by *Jerome D. Frank* and *Lori A. Lutz*), for plaintiff.

*Douglas C. Bernstein,* for Michigan National Bank-Oakland.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ

Per Curiam. Plaintiff Allen Apfelblat appeals from an order of summary disposition issued in favor of the defendant banks. He asserts that summary disposition should not have been granted to defendant Michigan National Bank-Oakland pursuant to MCR 2.116(C)(10) because material factual disputes exist as to three issues. We affirm.

Plaintiff began suffering from mental illness in the summer of 1983. In November, 1983, he executed two promissory notes, payable to defendant Michigan National Bank-Oakland, to finance the purchase of two automobiles. A third automobile purchase was financed by promissory note to defendant National Bank Wyandotte-Taylor, but that note is not at issue here. All three notes were secured by the automobiles they financed.

On January 6, 1984, involuntary commitment proceedings were commenced against plaintiff. He was committed to a psychiatric hospital, where treatment was successful. Plaintiff was released in February, 1984.

The Oakland Bank notes, due in lump sums in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

February and March of 1984, were unpaid. However, in response to the defendants' warnings that they would pursue debt-collection proceedings, plaintiff made some interest payments and executed new notes to cover the accrued debts of the old notes. This process was repeated, so that plaintiff's debts on the loans were last due in September and November, 1984.

In September, 1984, plaintiff filed this action, seeking discharge of the notes due to his lack of capacity at the time the original notes were executed. Plaintiff also asked the court to enjoin the defendants from taking any action in execution of the debts. Following a hearing, the court's temporary restraining order was dissolved and receivers were appointed for the automobiles. As they had been instructed, the receivers solicited offers to purchase the automobiles. The receivers later filed a list of the offers and requested court instruction regarding further proceedings. The court gave plaintiff twenty-one days to obtain higher bids than those obtained by the receivers, and then ordered the automobiles sold for the highest price.

Meanwhile, the Oakland Bank had filed a counterclaim for the amounts due on the two most recent promissory notes. Plaintiff answered with the affirmative defenses of lack of legal capacity on the original notes and lack of consideration regarding the renewal notes.

The sale of the automobiles on behalf of Oakland Bank resulted in a deficiency on the notes in the amount of $28,594.32. On September 4, 1985, the trial court granted the bank's motion for summary disposition, on the grounds that plaintiff had ratified the notes following his return to competency in 1984. On October 3, 1985, plaintiff moved to modify the order, and for the first time argued that his ratification of the notes was invalid be-

cause executed under duress. Plaintiff's motion was denied, and he appealed.

Plaintiff asserts three grounds for reversal, all premised upon the existence of material factual disputes that would preclude summary disposition under MCR 2.116(C)(10).

First, he argues that there remains a question of fact regarding whether he ratified the original promissory notes. Contracts made by mentally incompetent persons prior to adjudication of mental incompetency are not void, but are voidable. *Brown v Khoury,* 346 Mich 97, 100; 77 NW2d 336 (1956); *Gojcaj v Moser,* 140 Mich App 828, 834; 366 NW2d 54 (1985). To rescind a voidable contract, an incompetent must take affirmative action. Until then, the contract must be treated as valid. *Jack Mann Chevrolet Co v Associates Investment Co,* 125 F2d 778, 783, 786 (CA 6, 1942). Voidable contracts can also be ratified after the contractor is restored to competency. *Salliotte v Dollarhite,* 211 Mich 269, 273; 178 NW 694 (1920). Ratification may be express or implied, so long as there is knowledge of the material facts relating to the initial contract. *Old Mortgage & Finance Co v Pasadena Land Co,* 241 Mich 426, 436; 216 NW 922 (1928).

In the instant case, there is no dispute that plaintiff was incapacitated at the time the original notes were executed. There is also no dispute that plaintiff was fully restored to competency at the time that he executed the various renewal notes. Plaintiff does not contend that he was ignorant of the terms and conditions of the original or renewal notes at the time he executed the renewal notes. Rather, his basis for opposing summary disposition is that he was ignorant of his legal standing at the time, and did not intend to technically "ratify" the initial notes by his execution of renewal notes.

Thus, plaintiff does not assert a lack of knowledge of material facts, but professes ignorance of the law. His assertions are therefore insufficient to afford him relief from his express ratification of his debt. Cf., *Sinka v McKinnon,* 301 Mich 617, 626-627; 4 NW2d 32 (1942); *Burgess v Holloway Construction Co,* 123 Mich App 505, 511; 332 NW2d 584 (1983), lv den 417 Mich 1100.14 (1983).

Plaintiff next argues that summary disposition should not have issued because there remained a factual dispute regarding his duress claim. In an affidavit filed with his motion to amend the summary disposition order, plaintiff stated that his renewal of the notes was due to the defendant banks' threats to pursue their creditor remedies. We first note that plaintiff has not properly preserved his duress claim. As an affirmative defense to the counterclaim, plaintiff is required to raise his duress defense in his answer. His failure to do so constituted waiver of the defense. MCR 2.111(F)(2). Further, the facts averred in plaintiff's affidavit were not timely submitted. At the time the summary disposition motion was heard, the trial court was obliged only to consider the evidence then available to it. *Spectrum Manufacturing Corp v Bank of Lansing,* 118 Mich App 25, 31; 324 NW2d 523 (1982).

In addition, plaintiff's factual assertions failed to raise a proper duress defense. Duress requires compulsion or coercion by which one is illegally forced to act by fear of serious injury to person, reputation or fortune. *Norton v State Highway Dep't,* 315 Mich 313, 319; 24 NW2d 132 (1946). Fear of financial ruin alone is insufficient to establish economic duress; it must also be established that the person applying the coercion acted unlawfully. *Transcontinental Leasing, Inc v Michigan National Bank of Detroit,* 738 F2d 163, 166 (CA 6,

1984). Thus, a creditor may properly warn of his intentions to pursue collection without being subject to a defense of duress. *Hackley v Headley,* 45 Mich 569, 576; 8 NW 511 (1881). Here, the banks were entitled to enforce their contractual rights prior to any act of repudiation by plaintiff. *Jack Mann Chevrolet Co v Associates Investment Co, supra.*

Finally, plaintiff asserts that there is a material factual dispute regarding the commercial reasonableness with which the automobiles were sold. This argument is precluded by MCL 440.9507(2); MSA 19.9507(2). Under this statute, disposition of collateral in a judicially approved manner is conclusively presumed to be commercially reasonable. *Ford Motor Credit Co v Traffic Transport Engineering, Inc,* 150 Mich App 205, 208-209; 388 NW2d 281 (1986).

The circuit court's order of summary disposition is affirmed.