# STATE OF MICHIGAN

# COURT OF APPEALS

EARLENE LEWIS,

Plaintiff-Appellant,

v

WAYNE COUNTY PROSECUTOR'S OFFICE,

Defendant-Appellee.

UNPUBLISHED
April 26, 2016

No.   322935
Wayne Circuit Court
LC No.   14-007779-CF

Before:  RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff, Earlene Lewis, acting on her own behalf, appeals by right the trial court's order dismissing her suit to recover personal property seized by defendant, Wayne County Prosecutor's Office, after a search of her home.  As part of a settlement agreement with the Prosecutor's Office, Lewis agreed that the property at issue was subject to forfeiture, waived her right to have a forfeiture hearing, and released all the law enforcement agencies from any liability for seizing the property.  Because there was no evidence that the settlement agreement was invalid, the trial court correctly determined that Lewis' claims failed as a matter of law.  For these reasons, we affirm.

## I.  BASIC FACTS

In November 2013, police officers executed a search warrant and searched Lewis' home.  The Prosecutor's Officer stated that the officers obtained the search warrant after various insurance companies reported scores of fraudulent acts that were traced to an Internet Protocol Address associated with Lewis' home.  During the search, officers discovered hundreds of fraudulent insurance documents, including a large garbage bag filled with insurance certificates with names for unknown individuals.  The officers seized these items and numerous electronic items—computers, flash drives, routers, printers, compact discs, digital cameras—that may have been used in the commission of the crimes.  The officers also seized two vehicles: a 2011 Jeep and a 2009 Dodge Challenger, whose combined value was approximately $39,000.  A few days after the search, Lewis was given notice that the police department intended to seek forfeiture of the property.

In December 2013, the Prosecutor's Officer charged Lewis with five counts of possessing stolen or counterfeit insurance certificates, see MCL 257.329(1), five counts of fraud involving insurance, see MCL 500.4511, one count of identity theft, see MCL 445.65, and one count of using a computer to commit a crime, see MCL 752.797(3)(d). Lewis was arraigned on the warrant later that same month and bound over for trial in January 2014.

According to the Prosecutor's Office, Lewis approached it about the return of her property through settlement. Lewis entered into a settlement agreement with the Prosecutor's Office in March 2014. The parties related in the agreement that the Prosecutor's Office had validly seized certain property that it claimed was subject to forfeiture under the Omnibus Forfeiture Act, MCL 600.4701 *et seq.*, the Fraudulent Access to Computers Act, MCL 752.791 *et seq.*, or the Identity Theft Forfeiture Act, MCL 445.79 *et seq.* They further stipulated that the Prosecutor's Office intended to pursue forfeiture of the property in a civil *in rem* action, which remained viable even though there had been no adjudication of guilt as of the date of the agreement. Lewis also stipulated that the 2011 Jeep, the 2009 Dodge, and the property seized during the execution of the search warrant were "subject to forfeiture." In exchange for the Prosecutor's Office's agreement to return the 2009 Dodge Challenger, Lewis agreed that she had been given "formal notice" of the forfeiture proceedings and agreed to "waive any and all further formal process" under the forfeiture acts concerning the property. Finally, Lewis waived "all procedural rights and right to appeal and further releas[ed]" the police agencies involved in the seizure of the property at issue "from any and all claims of liability related to this matter . . . ."

In May 2014, an assistant prosecuting attorney moved to dismiss the charges against Lewis without prejudice because the people were unable to proceed at that time. The trial court granted the motion. The Prosecutor's Office then refiled charges against Lewis, which ultimately included more than 100 criminal counts involving fraud, identity theft, and using computers to commit crimes. Lewis was bound over on the new charges in June 2014.[1]

In June 2014, Lewis sued the Prosecutor's Office to challenge the forfeiture of her property. She alleged that the Prosecutor's Office illegally forfeited her property without a hearing and after the charges against her were dismissed. She also maintained that the Prosecutor's Office did not follow the proper procedures for seizing and forfeiting property and used "underhanded tactics to gain access to people (sic) personal property." She wrote that some of the property that was seized did not belong to her and other items were "gifts and things I've had for years." She also felt that "law enforcement officers sometimes pressure individuals into handing over property voluntarily using the threat of criminal charges . . . ." Lewis moved for a hearing to consider her claim that the Prosecutor's Office illegally forfeited her property.

In July 2014, the Prosecutor's Office moved to dismiss Lewis' complaint on the ground that Lewis waived her right to challenge the forfeiture of the property at issue under a valid settlement agreement. It further argued that Lewis could not establish that the agreement was the

---

[1] A review of the Offender Tracking Information System shows that Lewis pleaded guilty to one count of insurance fraud. The trial court sentenced her to serve two years on probation in March 2015.

result of fraud, mutual mistake, or unconscionable advantage. The Prosecutor's Office attached the settlement agreement to its motion to dismiss.

The trial court held a hearing on the motions in July 2014. The trial court started the hearing by asking Lewis whether she signed the settlement agreement back in March 2014. She agreed that she had, after which the court queried: "Then why are you here?" Lewis responded, "I'm here because I believe I signed that agreement under duress." Specifically, she argued that the prosecutor told her that if she "didn't sign the agreement, that all [her] property could be forfeited." She told the court that she "asked her why my property could be forfeited without a hearing" and she told her that "it didn't matter." The trial court stated that Lewis' mistaken understanding concerning the forfeiture proceedings did not amount to duress. Because Lewis waived her procedural rights with the settlement agreement, the trial court determined that the agreement resolved Lewis' complaint. For that reason, it dismissed Lewis' lawsuit.

The trial court entered an order dismissing Lewis' complaint later that same month. Lewis then appealed the trial court's order in this Court.

## II. DISMISSAL

### A. STANDARD OF REVIEW

On appeal, Lewis argues that the trial court erred when it dismissed her claims against the Prosecutor's Office. Specifically, she argues that the trial court failed to consider the irregularities involved in the seizure of her property and failed to see that she was under duress when she entered into the settlement agreement. This Court reviews de novo a trial court's decision to dismiss a claim on the basis of a release. *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004).

### B. ANALYSIS

The Legislature has provided procedures for seizing and forfeiting property used in the commission of a crime, or that constitutes the proceeds or substitute proceeds of a crime. See, in relevant part, MCL 600.4701 *et seq.* (providing for the forfeiture of property and proceeds from various enumerated crimes); MCL 752.796b (providing for the forfeiture of property used in the commission of computer crimes or that are the proceeds of a computer crime); MCL 445.79 (providing procedures for forfeiting property and proceeds from identity theft). With the forfeiture statutes, the Legislature established a means by which law enforcement agencies can prevent persons who commit crimes from profiting by their illegal activities; the statutes also discourage persons from allowing or consenting to the use of their property in the commission of a crime.

Although a law enforcement agency may seize property for forfeiture under the authority of a court order of seizure, an agency may also seize property without process "pursuant to a valid search warrant." MCL 600.4703(2)(b). In this case, the officers seized all the property during a search under the authority of a valid search warrant. See MCL 780.655(1). As such, the officers could retain the property "so long as necessary for the purpose of being produced or used as evidence in *any* trial." MCL 780.655(2) (emphasis added). Because the officers seized the property as part of an on-going investigation into criminal activity, the officers could retain

the property as evidence so long as a criminal complaint was contemplated. See *People v Washington*, 134 Mich App 504, 512; 351 NW2d 577 (1984) (stating that law enforcement officers have a duty to return property seized under a search warrant when a criminal complaint is neither made nor contemplated). Here, there is no evidence that the seized items were not being held as evidence for use in a criminal trial or that the seizing agency otherwise had a duty to immediately return any of the items before resolution of Lewis' criminal case.

In March 2014, Lewis entered into an agreement with the Prosecutor's Office concerning a possible forfeiture action. A forfeiture action is a civil *in rem* proceeding. *People v United States Currency*, 158 Mich App 126, 130; 404 NW2d 634 (1986). And, as with any civil action, the parties may agree to settle their dispute outside of court. *Farm Bureau Mut Ins Co v Buckallew*, 262 Mich App 169, 178; 685 NW2d 675 (2004), vacated on other grounds 471 Mich 940. An agreement to settle a pending lawsuit is a contract governed by the legal principles applicable to the construction and interpretation of contracts. *Eaton Co Rd Comm'rs v Schultz*, 205 Mich App 371, 379; 521 NW2d 847 (1994).

In this case, there is no dispute that Lewis executed the settlement agreement and that the Prosecutor's Office performed its obligation by returning the 2009 Dodge to Lewis. Under the plain and unambiguous terms of the agreement, which must be enforced as written, *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003), Lewis conceded that the remainder of the property was subject to forfeiture under the relevant statutes, agreed that she had been given proper notice, waived her right to a formal forfeiture hearing, and released the law enforcement agencies from all liability related to the forfeiture of her property. Because Lewis' claims involved challenges to the forfeiture of the property that was the subject of the settlement agreement, those claims fail as a matter of law in the absence of a viable claim that the settlement agreement was invalid.

Before the trial court, Lewis did not assert that the settlement agreement was invalid because she agreed to it while under duress. Indeed, she did not even mention the settlement agreement until after the Prosecutor's Office asserted it as a defense to her claims. Lewis did state that it was her belief that "law enforcement officers sometimes pressure individuals into handing over property voluntarily using the threat of criminal charges," but she did not connect that assertion to her case in any meaningful way. She also did not present any evidence that she was acting under duress at the time she entered into the settlement agreement. The first time that she made any real effort to assert duress to invalidate the settlement agreement was at the hearing on the Prosecutor's Office's motion to dismiss. At that point she argued that she only entered into the agreement because the prosecutor who negotiated the agreement told her that, "if I didn't sign the agreement, that all [her] property could be forfeited." She also claimed that the prosecutor stated that the property would be forfeited without a hearing. She noted too that she did not have a vehicle at that time. Even assuming that Lewis would be able to support her assertions at the hearing with evidence, she did not state any grounds that would support her claim that she entered into the agreement as a result of duress.

As was stated over a century ago in *Clement v Buckley Mercantile Co*, 172 Mich 243, 253; 137 NW 657 (1912) (citation omitted): "The law does not recognize duress by mere suggestion, advice, or persuasion, especially where the parties are at arm's length and represent opposing interests." Where, as here, the claimed duress is by threats and intimidation, the person

claiming duress must show that she "was so intimidated and moved by the threats made as to cease to be a free moral agent, and became so bereft of those qualities of the mind essential to entering into a contract as to be incapacitated to exercise his free will power in that connection." *Id.* Moreover, "[a]s a rule, duress will not prevail to invalidate a contract entered into with full knowledge of all the facts, with ample time and opportunity for investigation, consideration, consultation, and reflection." *Id.* at 255.

The underlying crimes that gave rise to the claim of forfeiture involved, in relevant part, Lewis' purported use of computers to acquire or create fraudulent insurance documents, which she then allegedly sold to third-parties for gain. Given the nature of the crimes and the evidence that Lewis had a substantial number of fraudulent documents, at the time the parties negotiated the settlement agreement, there was a substantial likelihood that the Prosecutor's Office would have been able to prove by a preponderance that all the seized items were either used to commit the crimes at issue, or were the proceeds or substitute proceeds of her criminal acts. MCL 600.4702(1)(a). Thus, the prosecutor did not mislead Lewis when she asserted that Lewis "could" forfeit all her property if she did not enter into the settlement agreement. To the extent that Lewis claims that this amounted to a threat to seek forfeiture of all the property, our Supreme Court has held that it is not duress for a party to threaten to do what he or she has a lawful right to do. See *Hackley v Headley*, 45 Mich 569, 576; 8 NW 511 (1881). Similarly, Lewis could not rely on the alleged misrepresentation that her property would be forfeit without a hearing;[2] she is presumed to know that she would be entitled to due process of law before her property would be forfeit, which included the right to a hearing. See *Adams Outdoor Advertising v East Lansing (After Remand)*, 463 Mich. 17, 27 n 7; 614 NW2d 634 (2000) ("People are presumed to know the law."). Lewis failed to state any argument or present any evidence to support her claim that her will was so overborne by the prosecutor's representations that she was compelled to enter into the settlement agreement. *Clement*, 172 Mich at 253.

On appeal, Lewis also argues that she had no choice but to enter into the settlement agreement because she did not have a personal vehicle at the time and really needed one for her daily routine. But this too is insufficient to establish duress. In order to establish duress, the party seeking to set aside the agreement must show that the party applying the duress acted unlawfully. See *Apfelblat v Nat'l. Bank Wyandotte-Taylor*, 158 Mich App 258, 263; 404 NW2d 725 (1987). Yet there is no dispute that the law enforcement agencies lawfully seized Lewis' vehicles. Likewise, the fact that Lewis might have believed that she needed private transportation—as opposed to public transportation—in order to get through her daily routine is not the kind of pressure that would cause an ordinary person to cease "to be a free moral agent" and "thereby [render her] incapacitated to consent to the agreement." *Meier v Schulte*, 327 Mich 206, 212; 41 NW2d 351 (1950). Indeed, fear of imminent financial ruin is not by itself sufficient to establish duress. *Apfelblat*, 158 Mich App 263.

---

[2] It appears from the context of Lewis' statements that the prosecutor may have represented that the Prosecutor's Office would wait until after the criminal trial to request a forfeiture hearing.

On this record, the trial court did not err when it concluded that Lewis had not presented a viable claim that the settlement agreement was invalid as a result of duress. Because the settlement agreement released all the law enforcement agencies from liability for any claims arising from the seizure of Lewis' property during the search of her home, the trial court did not err when it dismissed Lewis' claims.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly